(Opinion published 55 N. W. 968.)

---

JOSIAS R. KING *vs.* MARY McCARTHY *et al.*

Argued June 29, 1893.   Affirmed July 14, 1893.

**Testimony Given on a Former Trial, when Admissible.**

    *Minneapolis Mill Co.* v. *Minneapolis & St. L. Ry Co.*, 51 Minn. 304, followed, as to the admission of the testimony of a nonresident witness, given on a former trial.

**Declarations of the Witness as to His Domicile.**

    Upon the preliminary inquiry in such cases, as to whether the witness is domiciled out of the state, or is likely to remain out of the reach of the process of the court, his own declarations of intention are admissible, in connection with evidence of the fact of his departure or absence from the state.

**Homestead Limited to the Land Used for that Purpose.**

    The homestead rights of the widow are limited to the land which her husband had actually devoted to homestead purposes, and was occupying as such at the time of his decease.

Appeal by defendants, Mary McCarthy, Mary Bell, James H. Bell, and John C. McCarthy, from an order of the District Court of Ramsey County, *Chas. D. Kerr*, J., made March 1, 1893, denying their motion for a new trial.

On April 21, 1884, Jeremiah C. McCarthy owned lots four (4), five (5), six (6), and seven (7), in block one hundred and eighty one (181), in Robertson's Addition to West St. Paul. He was owing considerable sums of money, and there were several judgments docketed against him. There was a mortgage on these lots, and it

had been foreclosed and the lots sold, and the time for redemption was about to expire. On that day he and his wife, Mary, conveyed the property to Richard W. Bell, who redeemed from the foreclosure sale and paid the judgments. His total payments amounted to about $10,000. This conveyance to Richard W. Bell was in fact to secure to him the repayment of the money he so advanced. Jeremiah C. McCarthy died intestate September 11, 1885, leaving the defendant Mary McCarthy his widow. He also left two children, the defendants, John C. McCarthy and Mary Bell, wife of defendant James H. Bell, who was a brother to Richard W. Bell. The widow was appointed administratrix of the estate. Debts of the deceased to the amount of $3,500 were proved and allowed against the estate, but no property was found with which to pay them. Richard W. Bell on November 1, 1887, borrowed $14,000 of a trust company, and mortgaged the property as security for its payment. This sum was more than he advanced to pay off the incumbrances on the property when he got it. On November 5, 1887, Richard W. Bell conveyed the property by quitclaim deed to the widow and daughter, subject to the mortgage, and they at the same time gave him their agreement to pay this mortgage, and to indemnify him from all claims of creditors of Jeremiah C. McCarthy, deceased. They secured the performance of the agreement by their mortgage to him upon the property. On petition of a creditor of McCarthy, the widow was on February 26, 1889, removed, and this plaintiff, Josias R. King, appointed administrator *de bonis non*.

On January 8, 1891, plaintiff commenced this action, alleging that the deed of April 21, 1884, to Richard W. Bell, was in fact given and taken as security for the advances he made to redeem the property and pay off the incumbrances, and with the secret understanding that he should hold it to hinder, delay and defraud McCarthy's creditors; and alleging that the deed of November 5, 1887, to the widow and daughter of deceased, was taken in trust by them to convey an undivided third of the property in due time to the son, the defendant John C. McCarthy; that the trust company loaned its money and took its mortgage in good faith, without notice, and its security was valid. He further alleged that to pay the claims allowed against the estate it was necessary to sell a portion of said real estate; that the deeds created a cloud on the title and an obstruc-

tion to such sale, and he prayed judgment for their removal and for other equitable relief.

At the first trial the court found for the plaintiff and granted the relief asked. Defendants moved for a new trial, but were refused, and they appealed to this court, where the order denying a new trial was affirmed. *King* v. *McCarthy*, 50 Minn. 222. The *remittitur* completed, judgment was entered, and defendants paid the costs and served and filed notice demanding a new trial under 1878 G. S. ch. 75, § 11. This second trial was had on December 14, 1892. The plaintiff called witnesses and proved that Richard W. Bell was absent from the state and could not be subpoenaed; that he left on September 1, 1892; that letters had been received, written by him within the previous two weeks, dated and postmarked at St. Louis, Mo. Plaintiffs also introduced a statement signed by Richard W. Bell in which he stated that he resided in St. Louis and that his place of business was No. 317 Pine Street in that city, and that he was there engaged in the brokerage business. This statement was a part of a deposition taken November 25, 1892, at St. Louis in another action. The plaintiff then called as a witness the stenographer who took notes at the former trial and offered to prove by him the testimony given by Richard W. Bell at that trial. This and the preliminary statement read from the St. Louis deposition were objected to by defendants as incompetent, but the objection was overruled and they excepted. The stenographer then repeated from his shorthand notes Richard W. Bell's testimony on the former trial. It was also shown on the trial that Jeremiah C. McCarthy in his lifetime occupied as his homestead a certain part of this property forty-two feet wide by one hundred and fifty feet deep, and including a part of two of the lots. These lots as platted were fifty feet front by one hundred and fifty feet deep. The court made findings and ordered judgment for plaintiff in substance that the deed to Richard W. Bell was in equity but a mortgage, that his demand was paid from the loan he made of the trust company for $14,000, that the property was subject to this mortgage and to the homestead right of the widow. That the residue and remainder of the property were subject to the payment of the debts of Jeremiah C. McCarthy, in the due course of administration in the Probate Court. That the deeds from Bell to the widow and daughter were

clouds on the title obscuring that right of the creditors. The four defendants first above named moved for another trial, but were denied, and they again appeal.

*Stevens, O'Brien & Glenn* and *J. F. Fitzpatrick*, for appellants.

The errors we complain of are: 1. In admitting in evidence the statement in the deposition of Richard W. Bell that he was a resident of St. Louis, Mo. 2. In admitting the stenographer's evidence of the testimony of Richard W. Bell, taken upon the former trial of this action. 3. In limiting the homestead of the widow Mary McCarthy to a quantity of land smaller than one lot.

*James Schoonmaker, Geo. M. Nelson,* and *Thomas C. Fitzpatrick,* for respondent, cited: 1 Greenleaf, Ev. (13th Ed.) §§ 169, 174; *Howard* v. *Patrick,* 38 Mich. 795; *Stewart* v. *First Nat. Bank of Port Huron,* 43 Mich. 257; *Minneapolis Mill Co.* v. *Minneapolis & St. L. Ry. Co.,* 51 Minn. 304; *Kinney* v. *Berran,* 6 Cush. 394.

MITCHELL, J. After the decision of the former appeal 50 Minn. 222 (52 N. W. Rep. 648) the defendants demanded and obtained a second trial of this action, as being one for the recovery of real property. The only questions presented on the present appeal are —First, whether the plaintiff laid the proper foundation for the introduction of the testimony of R. W. Bell given on the former trial; and, second, whether the court allowed the defendant Mary McCarthy all the land to which she was entitled, as the homestead of her deceased husband.

1. It is not questioned but that a proper foundation was laid, within the rule of *Minneapolis Mill Co.* v. *Minneapolis & St. L. Ry. Co.,* 51 Minn. 304, (53 N. W. Rep. 639,) for the introduction of the testimony of Bell on the former trial, provided no error was committed in the admission of evidence on the preliminary question. As the doctrine of that case is characterized as "extraordinary," it may be remarked that it does not go any further than many of the authorities, and not any further than the strictest of them, except that, where the evidence was taken down in full on the first trial by an official reporter, it does not require a showing that, with the exercise of reasonable diligence, the deposition of the nonres-

ident witness could not have been taken out of the state.    After a showing that Bell, who had resided for many years in St. Paul, had, about three and a half months before the trial, left the state, with his family, leaving no home or place of residence behind him, and, so far as his relations knew, had not been within the state since that time; that his brother in St. Paul had, since his departure, received frequent letters from him, dated at Chicago, New York, Indiana, Kansas City, and St. Louis, the latest being from the last-named place, about two weeks previously; that plaintiff had issued, and placed in the hands of the sheriff of Ramsey county, two subpoenas for him, (one over two months before the trial, and the other later,) to both of which the sheriff had returned that he could not be found,—the plaintiff was then permitted to introduce the deposition of Bell in another action, between different parties, taken about three or four weeks previously in St. Louis, in which he stated that he was a resident of St. Louis, giving the street and number of his place of business in that city.    The admission of this statement in Bell's deposition is assigned as error on the ground that, as to defendant, it was mere hearsay.    Bell was a party defendant to this action, and the court seems to have admitted the statement as the admission of a party against himself.    Whether it was admissible on this ground against the other defendants we have not found it necessary to consider.    It will be observed that it was not admitted as evidence on any of the issues in the case, but only upon the preliminary question whether the witness was out of the jurisdiction of the court, and beyond the reach of its process, and was likely to remain so.    While, in order to warrant the introduction of the testimony of an absent witness, given on a former trial, it is not always necessary that it should appear that he is actually domiciled abroad, yet the fact that he is, is the most satisfactory evidence that he intends to remain abroad, and is not likely to return within the reach of process of the court.    Whether he intends to return is a fact only positively known to himself, and upon that question his own declarations are admissible, in connection with other evidence of the fact of his departure or absence from the state.    We do not understand that the competency of evidence upon a preliminary question of this kind, which is, to a certain extent, addressed to the sound discretion of the court, is governed

by the same strict rules which apply to the admission of evidence upon the issues in the case. Anything which will reasonably satisfy the court that the absent witness is not likely to return within the jurisdiction of the state may be admitted. See *Wyatt* v. *Bateman*, 7 Car. & P. 586; *Austin* v. *Rumsey*, 2 Car. & K. 736; also, *Prince* v. *Blackburn*, 2 East, 250.

2. Under the assignments of error the second question is not really in the case. The court allowed Mary McCarthy a life estate in all the property which, according to the finding of fact, constituted the homestead of her husband at the time of his death, and the finding of fact is not assailed by any sufficient assignment of error. The widow's life estate was limited to the land to which her husband was entitled as a homestead at the time of his decease; and his right was limited to the land, not exceeding the statutory area, which he had dedicated to homestead purposes, and was actually occupying as such at the time of his decease. In this case there is neither finding nor evidence that at the time of the husband's decease he was occupying, as a part of, or as appurtenant to, his homestead, any more land than what the court allotted to the widow.

Order affirmed.

(Opinion published 55 N. W. Rep. 960.)