[No. 1269, August 29, 1910.]

# TERRITORY OF NEW MEXICO, Appellee, v. CARLOS CECIL AYER, Appellant.

## SYLLABUS (BY THE COURT.)

1. In laying a foundation for the introduction of the record of former testimony given by a witness claimed to be absent from the Territory, declarations made by the witness as to his intention to leave the Territory permanently and the return of the sheriff of "not found" endorsed on the subpoena issued for the witness, are each of them competent to prove that the witness was not available.

2. The evidence in this case considered and held not to tender a plea of self defense held that an instruction as to self defense, though erroneous, was an error of which the appellant could not complain.

3. Where a trial court fails to instruct the jury as to all the essential ingredients of the crime charged, and the defendant neither calls "the court's attention to such omission nor takes exception thereto," he cannot avail himself of such error on appeal. Territory v. Watson, 12 N. M. 419.

4. An instruction defining a "reasonable doubt" to be "one for which a reason could be given, based on the evidence or want of it," though erroneous, does not in this particular case constitute reversible error where the jury might well have found the defendant guilty solely on his own testimony.

Appeal from the District Court for Bernalillo County before IRA A. ABBOTT, Associate Justice. Affirmed.

E. W. DOBSON and THOMAS K. D. MADDISON for Appellant.

The mere fact that the witness is sick or out of the jurisdiction, or that his whereabouts are unknown so that he can not be reached by subpoena is not enough. Underhill on Criminal Evidence, secs. 261, 262, 263; Cooley on

Constitutional Limitations, sec. 318, 5th ed.; 1 Bishop Crim. Proc., sec. 1195, 3d ed.; People v. Newman, 5 Hill, N. Y. 295; U. S. v. Angell, 11 Fed. 34, Syllabus; Thompson v. State, 17 So. 512, Ala., Syllabus; Southern Ry. Co. v. Bonner, 37 So., Ala. 704; State v. King, 86 N. C. 603; Sullivan v. State, 6 Tex. App. 319, 32 Am. Rep. 580; Menges v. State, 21 Tex. App. 413; Motes v. U. S., 178 U. S. 458; State v. Wing, 64 N. E. 514, Ohio; People v. Plyer, Cal., 58 Pac. Rep. 904; C. L. 1897, sec. 1047.

When a man is unlawfully assaulted and put in danger, real or apparent, he is not required to endeavor to escape, but may stand his ground and repel force with force, even to the extent of taking life if necessary or apparently necessary, to protect himself. Hammond v. People, Ill., 64 N. E. 982; citing 2 Whart. Crim. Law, sec. 1019; Beard v. United States, 158 U. S. 550; Withers v. Commonwealth, Ky., 36 S. W. 14; Williams v. State, Tex., 17 S. W. 1071.

It is the duty of the court in its instructions to tell the jury in clear and concise language, what the essential elements of the crime charged are. It is error to refer the jury to the indictment to ascertain them. Territory v. Baca, 11 N. M. 559, and cases cited.

Instruction that a reasonable doubt is one for which a reason could be given, based on the evidence or want of evidence in the case, is error. Siberry v. State, Ind., 33 N. E. 684; Cross v. State, Ind., 31 N. E. 473; Cowan v. State, 35 N. W. 405; Childs v. State, 51 N. W. 837; 1 McClain on Criminal Law, sec. 316; State v. Wingo, 66 Mo. 181; State v. McClure, 5 Nev. 132; Davis v. United States, 160 U. S. 487; State v. Harvey, 131 Mo. 329, 32 S. W. 1110; Frazier v. United States, Okla., 103 Pac. 373; Hensen v. State, Ala., 21 So. 79; State v. Donahoe, 78 Iowa 486, 43 N. W. 299; People v. Hill, 49 Hun. 432, 3 N. Y. Supp. 564; Hensen v. State, 21 Southern 79.

Instructions which correctly declare the law applicable to the case which they suppose, if the case can be rationally inferred from the testimony, should be given. Thorwegan v. Kind, 111 U. S. 554; People v. Taylor, 36 Cal. 267; Irvine v. State, 20 Tex. App. 13.

FRANK W. CLANCY, Attorney General. for Appellee.

Evidence of absent witness was properly admitted. Lowe v. State, 86 Ala. 47; Horton v. State, 53 Ala. 488; Davis v. State, 17 Ala. 354; Summons v. State, 5 Ohio St. 324; Marler v. State, 67 Ala. 55, s. c. 42 Amer. Rep. 95; 1 Greenleaf Ev., 14 ed., sec. 163; 1 Starkie Ev., Sharwood's ed.; State v. Wheat, 111 La. Ann. 862, 868 and cases cited; Sneed v. State, 47 Ark. 185-6 and cases cited; West v. Louisiana, 194 U. S. 263.

The instructions sufficiently state the material allegation of the indictment. Territory v. Baca, 11 N. M. 559.

The court's definition of a reasonable doubt was correct. U. S. v. Stevens, 27 Fed. Cas. 16, 392, pp. 1313, 1314; Territory v. Livingston, 13 N. M. 326, 327; U. S. v. Butler, 1 Hughes 491; U. S. v. Johnson, 26 Fed. 685; U. S. v. Jackson, 29 Fed. 503-504; U. S. v. Jones, 31 Fed. 724; U. S. v. Cassidy, 67 Fed. 782; Wallace v. State, 41 Fla. 580-1-2; Vann v. State, 83 Ga. 52; State v. Jefferson, 43 La. Ann. 995; People v. Guidici, 100 N. Y. 509-10; State v. Morey, 25 Oreg. 256-7-8; Emery v. State, 101 Wis. 655; Butler v. State, 102 Wis. 868-9; State v. Serenson, 7 S. Dak. 282-3.

Defendant was not prejudiced by the instructions on the subject of self-defense. Territory v. O'Donnell, 4 N. M. 210; U. S. v. De Amador, 6 N. M. 178; Territory v. Watson, 12 N. M. 421; Trujillo v. Territory, 7 N. M. 53; Pinkerton v. Ledoux, 3 N. M. 410; Territory v. Garcia, 12 N. M. 327; Territory v. Livingston, 13 N. M. 327; Territory. v. Baker, 4 N. M. 257, 267; Foster v. Territory, 6 Ariz. 242-3; Hill v. People, 1 Colo. 440, 451-2; Cockrill v. Comm., 95 Ky. 25; State v. Alexander, 66 Mo. 158-9; State v. Hill, 69 Mo. 453; Brown v. State, 62 N. J. L. 701 to 709; State v. Don Carlos, 38 S. C. 225; Brickwood's Sackett, sec. 3102 et seq.

### OPINION OF THE COURT.

MECHEM, J.—This is an appeal from a conviction of murder in the third degree. Five assignments of error are made and insisted upon in the argument and brief of appellant's counsel, the fifth assignment covers the same

objections that are raised in the second and third assignments.

1.   It is first claimed that the record of the testimony given by one Dr. Cutter, at the preliminary hearing of the appellant was improperly admitted.   This question is raised by exceptions of the action of the trial court; (1) In allowing the witness, Davern, to testify over appellant's objections, that Cutter was located in Los Angeles, California, that he left Albuquerque to go there about a year before the trial, that before leaving, he stated to Davern that he was going to Los Angeles to take a position as surgeon of a traction company there.   On cross-examination Davern testified that all he knew about Cutter's leaving was what Cutter told him and that he had not seen Cutter since he left; (2) Because the court considered the return of the sheriff on the subpoena issued for Cutter which was in the following words: "I further certify that Dr. James B. Cutter could not be found in my territory and is now in California.   P. Armijo, sheriff of Bernalillo County, by R. Lewis, deputy sheriff."   The subpoena was written October 27, 1908; filed by the sheriff November 13, 1908, and the case was called for trial the 18th of the same month.

In the case of King v. McCarthy, et al., 54 Minn. 190, 55 N. W. 960, the Supreme Court of Minnesota in commenting on the competency of declarations of an absent witness said:

"Whether he intends to return is a fact only positively known to himself and upon that question his own declarations are admissible in connection with other evidence of the fact of his departure or absence from the state.   We do not understand that the competency of evidence upon a preliminary question of this kind which is, to a certain extent addressed to the sound discretion of the court, is governed by the same strict rules which apply to the admission of evidence upon the issues of the case.   Anything which will reasonably satisfy the court that the absent witness is not likely to return within the jurisdiction of the state may be admitted.   See Wyatt v. Bateman,

7 Car. & P. 586; Austin v. Rumsey, 2 Car. & P. 736; also Prince v. Blackburn, 2 East. 250."

In the case of Hill v. Winston, et al., 75 N. W. 1030, the court not only allowed the admission of the declarations of the absent witness as to his residence but also received the sheriff's return of not found on the subpoena and as to the competency of the return said:

"Nor did the court rule incorrectly when it received in evidence as preliminary to the admission of the former testimony, the return of the sheriff, by his deputy, made upon the subpoena issued April 29, for this same witness, the return bearing date May 12. The return, that, after due and diligent search and inquiry for the witness, Johnson, throughout the county, he could not be found therein, made but two days before the trial, was competent as proof of the fact that the personal presence of the witness could not be obtained in connection with other proof of the same fact."

There was sufficient evidence of a competent character to satisfy the trial court that the witness Cutter, was beyond the reach of process of the court, and there was no error in admitting the record of his testimony at the preliminary hearing, where the appellant had the opportunity and did cross-examine the witness.

2. The appellant complains of certain instructions given as to the right of self defense. We have read the evidence in the case with great care and are of the opinion that the appellant was not entitled to any instructions as to self defense.

There were no eye witnesses to the shooting. There was nothing in the dying declaration of the deceased that in any way tended to show that appellant acted in self defense and if the plea was tendered in any manner it was by the evidence of the appellant.

The appellant who was a night operator at Isleta, had been allowed by the conductor of a passenger train, to go upon a coach and get ice water. According to his testimony he had just filled a bucket and was descending the steps of the coach when he met deceased, a colored porter, on the train. Quoting from appellant's testimony:

"As I was going down the steps, I met this colored porter on the second step and I—he asked me—'what the hell I was doing on there getting ice water off the car.' I told him I had permission from the conductor to get the water off there and it was none of his damned business, and as I went to get off the car, I had the bucket in my left hand—I went to get off and he struck me aside of the head a terrible blow and I fell off, which naturally— which knocked the bucket—upside—I was terribly scared and for fear he would follow up his attack, I pulled my revolver and shot him at the moment.

Q. How much time elapsed between the time you struck the ground and the time you shot him?

A. Instantly. I shot him instantly.

Q. What was the result of the blow to you?

A. It frightened me terribly.

Q. Describe the position Harrison was in when you fired the shot?

A. He was on the second step. Looked as if he was fixing to—objection (no ruling).

A. He was on the second step.

Q. Which way was he facing?

A. He was facing me.

Q. How far was it from the lower step to the ground at the place he knocked you off the step?

A. I suppose it must have been three feet.

Q. What position were you in to the best of your recollection at the time you fired the shot?

A. I was on my back.

Q. The train had not started when you fired the shot?

A. Yes sir. It was moving along slowly as best I can remember.

There was no evidence that the deceased was armed with a deadly weapon or that at the time of the shooting the appellant was being attacked or that he had any reason to apprehend that he was in danger of even great bodily harm.

"It is clear that to establish a case of justifiable homicide it must appear that something more than an ordinary assault was made upon the prisoner; it must also appear

that the assault was such as would lead a reasonable person to believe that his life was in peril." Allen v. U. S., 164 U. S. 492.

"But the danger which will warrant an exercise of the right of self defense must have been one of great injury to the person, that would maim or be permanent in character, or might produce death." Wharton on Homicide 376; Acers v. U. S., 164 U. S. 388.

"The phrase 'great personal injury' as used in the statute, means something more than apprehension, however imminent of a mere battery not amounting to a felony." Territory v. Baker, 4 N. M. 236.

A person attacked with naked fists is not in danger of "great injury to the person that would maim or be permanent in character, or might produce death." But there was no evidence that at the time of the shooting that the appellant was being assaulted or that he, himself, thought he was going to be assaulted. True, he says that he shot for fear that the deceased might follow up his attack, but something farther was necessary than a mere fear that the deceased would do something, some attempt on the part of deceased was necessary.

Considering only testimony of the appellant, there was an entire absence of any evidence justifying an instruction as to self defense.

"Nor should one (i. e. an instruction) be given in the absence of anything in the case to show self defense, though in such a case, the accused cannot complain of an error in an instruction or in instructing as to self defense." Wharton on Homicide 358. Territory v. Baker, *supra.* The same observations apply to the criticism as to the necessity for retreat.

3. The appellant insists that the court failed to instruct the jury as to what were the essential ingredients of the crime of murder in the third degree.

Instruction No. 1, as given by the court reads as follows:

"The defendant is on trial before you under an indictment which charges that on the 14th day of July, 1904, he did in this Bernalillo County, unlawfully, feloniously

and with malice aforethought inflict a wound upon Henry Harrison, by shooting him, of which wound the said Harrison died in this county on July 16th, 1904, and this is charged in the indictment as murder in the third degree."

The court then proceeded to define murder generally, malice expressed and implied, murder in the first and second degrees, and then as to murder in the third degree, said:

"Murder in the third degree is every killing of a human being which by the provisions of this act is not murder in the first and second degrees and not excusable or justifiable homicide," and further instructed the jury as to justifiable homicide.

It is not shown by the record that the appellant at the trial requested any further or fuller instruction as to the ingredients of the crime charged.

It was said by this court in the case of Territory v. Watson, 12 N. M. 419, that:

"The fact that the defendant neither called the court's attention to such omission nor took exception thereto, was an error of which the defendant cannot now avail himself."

4. The appellant questions the correctness of the instruction given by the court defining the term "reasonable doubt." The instruction is as follows: "You are instructed that a reasonable doubt is one for which a reason could be given based on the evidence or want of it. It is not a possible doubt, not a conjectural doubt, not an imaginary doubt, not a doubt of the absolute certainty of the guilt of the accused, because everything relating to human affairs and depending upon moral evidence is open to conjectural or imaginary doubt, and because absolute certainty is not required by law. If after a careful and impartial examination of all the evidence in the case you can say that you feel an abiding conviction of the guilt of the defendant, then you are satisfied beyond a reasonable doubt."

The specific objection is, to that part of the charge which, it is said, calls upon the jury to give a reason for a doubt that might actuate them in finding the defendant

not guilty and requires them to do so before finding him not guilty.

While instructions in the same language as that objected to, have received the sanction of numerous courts, yet, the weight of authority and with the better reason we believe, is that such an instruction is erroneous. In some jurisdictions, the courts while criticising the instruction, have held it not to be reversible error. Griggs v. U. S., 158 Fed. 572; State v. Sauer, 38 Minn. 438, 38 N. W. 355; People v. Stubenvoll, 62 Mich. 329, 28 N. W. 883; State v. Morey, 25 Or. 241, 36 Pac. 573.

We are not willing to go to the length of holding that such an instruction would not in any case be reversible error, but we think as applied to this case when the testimony of the appellant himself excluded any possibility of a reasonable doubt as to his guilt, the instruction was not prejudicial and therefore not reversible error.

For the foregoing reason the judgment of the lower court in this case is affirmed; and it is so ordered.

Chief Justice Pope and Associate Justice Wright dissent.

POPE, C. J.—(Dissenting.)—I am of the opinion that the cause should be reversed because of the instruction as to reasonable doubt. The majority opinion recognizes that the instruction as given is contrary to the weight of authority and in this view I concur. The vice of the instruction complained of, declaring that "a reasonable doubt is one for which a reason could be given based on the evidence or want of evidence in the case," has been the subject of frequent judicial attention. Perhaps the clearest expression of the objection to such an instruction is found in Siberry v. State, 133 Ind. 667, 690, where it is said: "Such an instruction as the one we are considering can, we think, only lead to a confusion, and to the detriment of the defendant. A juror may say that he does not believe the defendant is guilty of the crime with which he is charged. Another juror answers that if you have a reasonable doubt of the defendant's guilt give a reason for your doubt. And, under the instruction given in this

cause, the defendant should be found guilty unless every juror is able to give an affirmative reason why he has a reasonable doubt of the defendant's guilt. It puts upon the defendant the burden of furnishing to every juror a reason why he is not satisfied of his guilt, with a certainty which the law requires, before there can be a conviction. There is no such burden resting on the defendant or a juror in a criminal case."

But the majority opinion, while recognizing the force of all this, holds the error to be harmless upon the ground that the defendant under his own statement is clearly guilty. To this declaration I cannot assent. By the plea of not guilty the defendant makes an issue for the jury, one which we have just held in Territory v. Kennedy (decided at the present term) must, no matter how strong the testimony for the Territory, be left for a verdict at the hands of the jury. Even if the defendant introduce not a word of testimony the presumption of innocence stands as sufficient evidence in his favor until overcome by evidence for the Territory excluding every reasonable doubt. Whether such presumption has been so overcome is a matter not for the court but for the jury to determine, and to be so determined under correct, not erroneous, instructions as to reasonable doubt. When, therefore, an instruction so obviously misleading upon a subject so vital has been given it is conclusively presumed to be prejudicial since it goes to the fairness of the trial upon an issue which is always present and upon which the defendant is always entitled to the judgment of a jury of his peers. Even the view of the majority opinion that defendant admitted by his testimony every material fact necessary to establish his guilt lacks support from the record. To illustrate: One of the material facts to be established by the Territory is that the wound inflicted was the proximate and efficient cause of the death alleged. The defendant's testimony did not touch upon this. It was for the jury to determine, therefore, solely upon the strength of the Territory's case. But how could it decide this without instructions upon reasonable doubt? And how could it decide it properly except upon correct instructions?

As was said by Circuit Judge Ross in his dissent in Griggs v. United States, 158 Fed. 572, 578: "That no one can be legally convicted of a crime but by the unanimous verdict of twelve jurors upon evidence which satisfies their minds of the guilt of the defendant beyond a reasonable doubt will not be disputed. It necessarily results that when the court undertakes to instruct the jury as to what a reasonable doubt is, it is essential that it do so correctly. In the present case the trial court instructed the jury that such a doubt is one 'for which some reason can be given.' * * * I think the judgment should be reversed and a new trial awarded."

This thought and this conclusion of the learned circuit judge appeals to me. The judgment should be reversed and the cause remanded. I am authorized to say that Associate Justice Wright concurs in this dissent.

### SYLLABUS (BY THE COURT.)

