EDWARD M. JOHNSON *et al. vs.* A. F. HOWARD, Sheriff, *et al.*

Submitted on briefs Oct. 13, 1892. Decided Oct. 27, 1892.

**Account Books as Evidence.**

When entries in books of account are offered in evidence and excluded as immaterial, that ruling will be affirmed, unless the entries are set forth in the record, or their character is shown, so that the court can see their materiality.

Appeal by plaintiffs, Edward M. Johnson and W. H. Hinds, from an order of the District Court of Hennepin County, *Lochren, J.,* made June 18, 1892, refusing a new trial.

The plaintiffs, partners as W. H. Hinds & Co., doing business at Coon Creek, Anoka County, on December 1, 1887, entered into a written contract with the firm of Woodcock & Nunn, composed of Frank W. Woodcock and Jesse R. Nunn, by the terms of which Woodcock & Nunn agreed to sell and deliver to Hinds & Co. at Coon Creek, one thousand cords of wood. Hinds & Co. were to pay for the wood by paying at maturity certain notes of Jesse R. Nunn held by E. M. Johnson, one of the firm of Hinds & Co. It was claimed by plaintiffs that about seven hundred and fifty cords of wood were delivered to them under this contract at Estee's Siding, in Mille Lacs County, on April 10, 1888, and that they had paid therefor by paying part of the notes. On April 16, 1888, Woodcock & Nunn, being insolvent, made a general assignment to George J. Backus of Minneapolis for the benefit of all their creditors. On April 17, 1888, the defendant A. F. Howard, sheriff of Mille Lacs County, seized this wood on an attachment in an action begun by H. C. Head against Woodcock & Nunn.

The plaintiffs, on August 10, 1888, demanded this wood from the assignee, and also from the sheriff, and on their refusal to deliver it, brought this action against them for the immediate return and possession of the property, or the value thereof, and damages for its detention. The wood was seized by the coroner of Mille Lacs County and delivered to plaintiffs. Defendant Backus, assignee, waived his right to rebond and keep the wood, and duly answered. On demand of defendant Howard, the place of trial of the action was changed to Mille Lacs County. On the trial in that county judgment was rendered in favor of defendant Backus. This judgment was reversed by this court, for error in changing the place of trial from Hennepin County. *Hinds* v. *Backus*, 45 Minn. 170. The action was again tried on April 29, 1892, in Hennepin County. The controversy was whether or not the contract between plaintiffs and Woodcock & Nunn was made with the consent of Woodcock, and whether or not there was a delivery of the wood before the insolvency of Woodcock & Nunn was known to the plaintiffs. On both of these points the testimony was conflicting. The jury found a verdict for the defendant Backus, and assessed the value of the property at $1,500. From an order denying their motion for a new trial, plaintiffs appeal.

*Johnson, Leonard & McCune,* for appellants.

*Penney, Jamison & Hayne,* for respondent.

GILFILLAN, C. J. The main issue on the trial below was whether a certain contract in writing, executed by J. R. Nunn in the name of Woodcock & Nunn, of which firm he was a member, to these plaintiffs, for the sale to them of the wood in controversy, and which contract, if performed, would be in effect an appropriation of partnership property in payment of the individual debt of Nunn, was executed with the consent of Woodcock, the other partner. On that issue the evidence sustains the finding of the jury.

The plaintiff several times offered in evidence the books of account, or pages from the books of account, of Woodcock & Nunn, and the court below excluded them, evidently because it was unable to see any materiality in the evidence so offered. The contents of the books

or of the parts of them so offered in evidence are not set forth in the record, nor is there anything to show there were in them entries or charges referring to, or in any way bearing upon, the contract in question; so that we are unable to see how the evidence was material, and must hold that the court was right in excluding it.

The cross-examination of A. H. Nunn, and the contradiction of him by the witnesses Head and Woodcock, were proper matter of impeachment.

Order affirmed.

(Opinion published 53 N. W. Rep. 363.)