MARY ANN HAWVER, Respondent, v. EDMUND R. BELL et al.,
as Executors, etc., Appellants.

In an action for the conversion of certain machinery which had been used
by plaintiff for several years before the alleged conversion, plaintiff was
permitted to prove, under objection and exception, what the machinery
cost when new. *Held*, no error, that the testimony was some evidence
of value.

Counsel for defendants requested the court to charge that the purchase
price was not the true rule of damages or the value of the property;
to this the court assented, adding "it is only some evidence as to its
value as a new and perfect machine. No motion was made for a nonsuit,
or exception taken presenting the question that there was no sufficient
evidence of value to sustain a verdict. *Held*, that the question could not
be raised upon appeal.

(Argued January 17, 1894; decided January 30, 1894.)

APPEAL from judgment of the General Term of the
Supreme Court in the third judicial department, entered upon
an order made July 2, 1892, which affirmed a judgment in
favor of plaintiff entered upon a verdict and also affirmed an
order denying a motion for a new trial.

The action was originally brought against Calvin H. Bell;
he having died during its pendency, the executors of his will
were substituted as defendants.

The nature of the action and the facts, so far as material,
are stated in the opinion.

*John T. Shaw* for appellant. There is no evidence of the
value of the property in the case upon which the verdict
can be sustained. (*Hoffman* v. *Conner*, 76 N. Y. 121, 124;
*Beech* v. *R. & D. B. R. R. Co.*, 37 id. 470; *Roe* v. *Hanson*,
5 Lans. 304; *People ex rel.* v. *McCarthy*, 102 N. Y. 638.)
If the plaintiff was entitled to recover, she was only entitled
to recover the market value of the property taken, at the
time of the conversion, with interest, and not the market
value at any time subsequently thereto down to the trial,
with interest from the 27th day of June, 1888, when the

property was taken. (*Tyng* v. *C. W. Co.*, 58 N. Y. 308 ; *Baker* v. *Drake*, 43 id. 211 ; *M. & T. Bank* v. *F. & M. N. Bank*, 60 id. 40, 52 ; *Whele* v. *Haviland*, 69 id. 448 ; *Prince* v. *Connor*, Id. 608 ; *Ormsby* v. *V. C. M. Co.*, 56 id. 623 ; *Whelan* v. *Lynch*, 60 id. 469, 473.) The court erred in allowing the witness, Mary Hawver, under defendants' objection, to testify that she was informed that Mr. Bell took or directed the property to be taken away. (*Tabor* v. *Van Tassel*, 86 N. Y. 672.) The court erred in allowing Henry Hawver, as a witness in behalf of plaintiff, to testify that Archibald sold her it (the engine) for $700. (*Connoss* v. *Meir*, 2 E. D. Smith, 314 ; *Erben* v. *Lorillard*, 19 N. Y. 299 ; *Anderson* v. *R., W. & O. R. R. Co.*, 54 id. 334 ; *Nash* v. *Leeland*, 4 N. Y. S. R. 135 ; *Tabor* v. *Van Tassel*, 86 N. Y. 642 ; *Greene* v. *H. R. R. Co.*, 32 Barb. 25 ; *Worrell* v. *Parmelee*, 1 N. Y. 521 ; *Osgood* v. *M. Co.*, 3 Cow. 621 ; *Newman* v. *Goddard*, 3 Hun, 70.) The jury must have been and was misled by the charge. (*Morton* v. *Thurber*, 85 N. Y. 550.) Usury must be proved as alleged. (*L. I. Bank* v. *Boynton*, 105 N. Y. 656 ; *Baldwin* v. *Doying*, 114 id. 452 ; *Connoss* v. *Meir*, 2 E. D. Smith, 314 ; *Whitmark* v. *Lorton*, 29 N. Y. S. R. 322.) The court erred in denying the defendants' motion made upon the minutes of the court for a new trial. (Code Civ. Pro. § 999.)

*T. F. Bush* for respondent. In order to justify the seizure before default, it must appear that the mortgagee, in good faith, deemed himself insecure. (*Huggans* v. *Fryer*, 1 Lans. 281 ; *Hall* v. *Sampson*, 35 N. Y. 274–277 ; *Hathaway* v. *Brayman*, 42 id. 322, 325 ; *Allen* v. *Vose*, 34 Hun, 63.) The evidence clearly shows that the mortgage was usurious and void in its inception. The questions of fact cannot be reviewed in this court. (Code Civ. Pro. § 1337 ; *In re Reems*, 87 N. Y. 514 ; *Hyres* v. *McDermott*, 91 id. 451 ; *Tyng* v. *C. W. Co.*, 58 id. 308 ; *Price* v. *L. Bank*, 33 id. 55 ; *Eastman* v. *Shaw*, 65 id. 522 ; *Fiedler* v. *Darrin*, 50 id. 437 ; *Thurston* v. *Cornell*, 38 id. 281 ; *Swartwout* v. *Payne*, 19 Johns. 294 ; *Merrills* v. *Law*, 9 Cow. 65 ; 6 Wend. 268, 279 ; *Sheldon* v.

*Haxton*, 91 N. Y. 124.) There being no established or market value for that kind of property in question, the opinion of witnesses could not be given, and when given was not conclusive. (*Morehouse* v. *Matthews*, 2 N. Y. 514.)

EARL, J. The present defendants have been substituted in the place of their testator, against whom the action was originally commenced.

The action was brought to recover the value of certain personal property taken and sold by the testator, among which was an engine, thresher and cleaner. The testator took and sold the property, claiming the right to do so by virtue of a chattel mortgage. The plaintiff claimed that there had been no default in the mortgage, and that the note to secure which it was given was usurious and void. Upon the question of usury there was conflicting evidence. The testator claimed the right to seize and sell the property under what is called the safety clause in the mortgage, and there was conflicting evidence as to his right to proceed under that clause. The verdict of the jury in favor of the plaintiff settles the matters thus depending upon conflicting evidence.

It appeared upon the trial that the engine, thresher and cleaner had been in the ownership and use of the plaintiff for several years before the seizure and sale by the testator, and that they had become considerably deteriorated by age and use. The plaintiff was permitted to prove, against the objection of the defendants, what these articles cost when new, and they now claim that such evidence was improperly received. The trial judge upon the trial, and in his charge to the jury, did not misapprehend the true rule of damages, and that is that the plaintiff was entitled to recover, if she proved her cause of action, the value of the property at the time of its conversion, with interest. The evidence was objected to " as not establishing a proper rule of damages." The judge overruled the objection, saying that " it was some evidence of value," and he did not at any stage of the trial rule that it furnished the measure or rule of damages. That the price

paid for these articles when new furnished some evidence of their value at the time of their conversion, their age and condition being described, cannot be doubted.

The defendants are not now in a position to claim that there was not sufficient evidence of value to sustain the verdict, or that the damages awarded are excessive, because there are no exceptions presenting these matters for our consideration as questions of law. There was no motion to nonsuit the plaintiff. The true rule of damages was laid down in the charge of the judge. The counsel for the defendants requested the judge to charge the jury "that the purchase price of the engine and thresher is not the true rule of damages or the value of it," and he responded: "No, it is not, because there is evidence that it has been deteriorated in value. It is only some evidence upon its value as a new and perfect machine." There was no error here and the law was correctly stated. To enable the defendants to get the benefit of the point their counsel now urges, they should, upon the trial, have moved for a nonsuit upon the ground that there was not adequate evidence of damages, or they should have raised the question by requesting the judge to charge the jury that the evidence of the purchase price was not sufficient, standing alone, to show the value of the property at the time of its conversion, or they should have made some other request which presented the point to the mind of the judge.

We have considered the other exceptions to which our attention has been called, and they are so clearly unfounded that they need no further attention now.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.