(14 Misc. Rep. 524.)

### AKERS v. MAYOR, ETC., OF CITY OF NEW YORK.

(Common Pleas of New York City and County, General Term.   December 2, 1895.)

1. MUNICIPAL CORPORATIONS—DEFECTIVE STREETS.
    Where an excavation in a street leaves a passageway for one vehicle only, and is not guarded by any barrier except the earth thrown out, and plaintiff, to avoid a collision, turns aside on the loose earth, and his horse, becoming restive, springs into the excavation, the question of the city's negligence is for the jury.

2. SAME—NOTICE OF DEFECT.
    Where an excavation in a street is the work of the city, notice of its dangerous character is necessarily attributable to it.

3. CONTRIBUTORY NEGLIGENCE—SUDDEN DANGER—ILL-ADVISED ACTION.
    Where the negligence of a third person and of defendant are contributory to a position of sudden danger to plaintiff, ill-advised action on his part, under the spur of necessity, is not negligence, as matter of law.

4. EVIDENCE—COMPETENCY—PROOF OF VALUE.
    Evidence of the price paid for the property is admissible, as bearing on the question of its value.

Appeal from trial term.

Action by Frederick Akers against the mayor, etc., of New York. From a judgment entered on a verdict in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals.   Affirmed.

Argued before DALY, C. J., and BOOKSTAVER and BISCHOFF, JJ.

Theodore Connoly and Terrence Farley, for appellant.

James P. Niemann, for respondent.

BISCHOFF, J.   This action was brought to charge the defendant corporation with a negligent act in so maintaining an excavation in the public street as to have caused an injury to the plaintiff's property, the negligence being predicated upon the absence of proper guards or barricades about the locality.   The facts appear to be that late in the afternoon of September 15, 1892, the plaintiff was driving his horse along Mott avenue, in this city, proceeding in a southerly direction, and approaching 161st street.   The excavation in question was located in the latter street, but extended into the point of intersection with Mott avenue, leaving a space sufficient for the passage of but one vehicle through the avenue at that place.   As the plaintiff reached this narrow point, another carriage approached rapidly from the south, and, being suddenly confronted with the prospect of a collision, he turned his horse upon the earth embankment thrown up about the excavation, which was not other-wise guarded.   The horse became restive by reason of the shifting

of the loose earth under his feet, and gave a spring, which caused his precipitation into the excavation, and the injuries sued for resulted. The plaintiff was aware of the presence of an excavation somewhere upon the opposite side of the embankment, as he approached it, but, according to his testimony, he did not appreciate its proximity.

Error is assigned by the appellant to the ruling of the court submitting the question of negligence to the jury, it being claimed that there was a sufficient barrier about the excavation in the form of the embankment; but we think that the contention is without force. While the restive movement of the horse perhaps brought about the injury, which would not have resulted had he remained quiet, yet this was no defense, since it was incumbent upon the defendant to maintain the highway in a condition of reasonable safety for the driving of spirited as well as docile animals (Hey v. Philadelphia, 22 Am. Rep. 733; Kennedy v. Mayor, etc., 73 N. Y. 365), and the jury could reasonably find that the defendant was remiss, considering the nature of the locality, in failing to place railings around the embankment for the purpose, at least, of warning travelers that the road as restricted by that limit alone was safe. Had such barriers been maintained, there might, indeed, have been a collision, as anticipated by the plaintiff, but this action would not have been brought. Had the plaintiff driven through the barriers, a very different state of facts would also have been presented, but we find nothing unreasonable in the proposition that ordinary care would have called for something more than the mere erection of a mound of earth at the point in question upon the defendant's part.

It is claimed, further, that there was a failure of proof of notice to the defendant of the dangerous character of this excavation in the manner maintained, but, in view of the fact as shown, and not contested, that the work in the street was the work of the municipality, such notice was necessarily attributable to it, if, indeed, the doctrine of notice were at all applicable to a case like the present, where the city has failed to properly guard a locality made inherently dangerous through its act. Wilson v. City of Troy, 135 N. Y. 102, 32 N. E. 44. Nor can it be said that there was contributory negligence attributable to the plaintiff as matter of law. His action in turning his horse upon this unfenced mound of earth was induced through an attempt to avoid a sudden danger, and he was not necessarily to be denied relief upon that ground. It is no defense in an action for a negligent injury that the negligence of a third person contributed to cause the injury of the plaintiff, if the negligence of the defendant was an efficient cause (Atkinson v. Transportation Co. [Wis.] 18 N. W. 764; Eaton v. Railroad Co., 87 Am. Dec. 730; Austin v. Steamboat Co., 43 N. Y. 75); and where the negligence of a third party and of the defendant are contributory causes leading to a position of sudden danger to the plaintiff, the latter's ill-advised action under the spur of necessity does not amount to negligence upon his part sufficient to defeat a recovery (Dyer v. Railway Co., 71 N. Y. 228).

The only remaining point in the case has regard to the admissibility of evidence of the price paid for the property injured, as bearing upon the proof of damage. The question was presented only by exceptions taken to the admission of the testimony, which, as the court observed was "some evidence of value." In stating this proposition the learned trial judge was undoubtedly correct (Hawver v. Bell, 141 N. Y. 143, 36 N. E. 6), and, if counsel had considered the full proof as to damage to have been insufficient, a nonsuit upon that ground should have been moved, or an appropriate instruction to the jury asked (case last cited). There is no trace of any such attitude having been assumed at the trial, and the point, if at any time of availability in this case, is now raised too late.

The judgment and order must be affirmed, with costs. All concur.