CLARA E. LE MAY v. JOHN BRETT and Another.[1]

December 6, 1900.

Nos. 12,401—(126).

**Objections to Evidence.**

Certain assignments of error examined, and *held* to be not well taken.

Action of ejectment in the district court for Carlton county. Certain issues were submitted to a jury, and on return of the verdict the court, Moer, J., made its findings of fact and conclusions of law. From a judgment in favor of plaintiff, plaintiff appealed. Affirmed.

*H. S. Lord,* for appellant.

*John Jenswold, Jr.,* for respondents.

LEWIS, J.

Action in ejectment. The court held that the title was in plaintiff, and submitted to a jury the question of the rental value of the premises and value of the improvements made by defendant. Judgment for plaintiff, and plaintiff appeals.

1. The husband of defendant was asked on direct examination what was paid for the premises. The question was objected to upon the ground that the contract of purchase was the best evidence. If such evidence was immaterial under the issue, the objection did not go to that point. If the purchase price had been an issue in the case, then it would have been admissible to show by parol testimony what the real consideration was. Langan v. Iverson, 78 Minn. 299, 80 N. W. 1051. There was no prejudicial error in the ruling.

2. While the same witness was under cross-examination by plaintiff, the following offer was made:

"I offer in evidence the assessment book of the town of Mahtowa covering the land in question for the years 1894, 1896, and 1898, together with the affidavits or certificates of the town assessor, Mr. Brett, as to the improvements upon the land in question and its

[1] Reported in 84 N. W. 339.

assessed value, and for the same purpose the 1898 assessment by defendant, showing twenty acres improved at a valuation of $100, and a total valuation of $260. And, as this is sworn to, it shows that Mr. Brett perjured himself then, or has done so as a witness and defendant now."

Objected to as incompetent, irrelevant, and immaterial. Objection sustained, and the ruling is assigned as error.

The witness had been testifying on the direct examination that the improvements were of the value of more than $2,600, and the purpose of the offer was to affect the credibility of the witness. If the assessment books contained any positive declaration by the witness that the improvements were of a less value at the time than that testified to by him, such fact would be proper evidence tending to affect the credibility of the witness, and, if such a statement as to valuation in the assessment was definite and complete in itself, no foundation was required by a preliminary inquiry from the witness as in the case of oral declarations. But the offer is not complete and definite. The offer, as above stated, is all that is in the return on the subject. There is nothing showing what the assessments were, or the contents of the affidavits and certificates referred to. The offer recites, "The 1898 assessment by defendant, showing twenty acres improved at a valuation of $100, and a total valuation of $260," and it is possible that the offer might be sufficient if the return contained the proper record, by which the offer could be interpreted. We have not before us the evidence which the trial court had when passing upon the question. The plaintiff was bound to make the offer so complete as to substantially set out all the facts, or return to this court a sufficient abstract of the record itself to make the offer complete. Upon the showing made it cannot be held that the court committed error.

3. The request as to good faith, made the subject of the third assignment of errors, was too indefinite. Besides, there were only two questions submitted to the jury, the rental value and the value of the improvements; all other questions being reserved for trial by the court.

Judgment affirmed.