## BROOKE v. CUNARD S. S. CO., Limited.

(Supreme Court, Appellate Term. May 5, 1905.)

DAMAGES—EVIDENCE—SUFFICIENCY—LOSS OF BAGGAGE..

    In àn action for the loss of baggage in transit, testimony of plaintiff that he based his opinion of the value of the goods lost on their cost price, unaccompanied by further testimony as to such cost price except in the case of a very few articles, and without any evidence of the age or condition of the goods when lost, is insufficient to show the value of the goods lost or support a judgment for damages.

Appeal from Municipal Court, Borough of Manhattan, Thirteenth District.

Action by Isaac Brooke against the Cunard Steamship Company, Limited. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before SCOTT, P. J., and LEVENTRITT and GREENBAUM, JJ.

Lord, Day & Lord (Charles J. Fay, of counsel), for appellant.

A. H. Solotaroff (Alex. B. Greenberg, of counsel), for respondent.

GREENBAUM, J. The plaintiff recovered a judgment of $200 for loss of baggage while in transit under the alleged control of the defendant. The appeal raises, among other things, the question as to whether sufficient evidence of the value of the articles claimed to have been lost was adduced.

There is no proof in the case as to the value of any of the goods lost. The plaintiff, who was the only witness in his own behalf, testified that he based his opinion of their value upon the prices paid for them, and gave specific testimony of the cost of but three articles (a winter suit, a fur-lined winter overcoat, and a fur hat) out of some 30 different items. It is plain that such proof will not support a judgment. It is true that the price paid for articles when new furnishes some evidence of their value at the time of their loss, where their age and condition are described (citing Hawver v. Bell, 141 N. Y. 140, 36 N. E. 6), but, with the exceptions mentioned, there was no evidence in this case as to the age or condition of the lost articles, nor as to their cost price.

For these reasons, the judgment must be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.