DANIEL J. GUTMANN and Another v. FRANK KLIMEK and Another.[1]

November 24, 1911.

Nos. 17,272—(94).

**Exclusion of testimony at former trial — review — misconduct of counsel.**
In this an action brought to recover the purchase price of merchandise, *held:*
    1. The verdict is sustained by the evidence.
    2. A ruling of the trial judge excluding the testimony of a party given on a former trial will not be reviewed; it not being made to appear that such testimony was material evidence.
    3. No abuse of discretion is shown in the refusal of the trial court to grant a new trial because of certain improper remarks of counsel.

[1] Reported in 133 N. W. 475.

Action in the district court for St. Louis county to recover $1,-521.77, the price of certain merchandise. The case was tried before Ensign, J., and a jury which returned a verdict in favor of defendants. From an order denying plaintiffs' motion for judgment notwithstanding the verdict or for a new trial, and from the judgment entered pursuant to the verdict, plaintiffs appealed. Affirmed.

*Courtney & Courtney,* for appellants.

*R. R. Briggs,* for respondents.

SIMPSON, J.

The plaintiffs brought this action to recover the purchase price of merchandise. The defendants admitted the purchase of the merchandise, but alleged an agreement that the purchase price was not to be paid until July 1, 1912. The reply denied the making of such agreement. Upon the issue so raised a trial was had, resulting in a verdict for the defendants. Alternative motions, made by the plaintiffs, for judgment or a new trial were denied. From such order an appeal was taken to this court. No supersedeas bond having been given, judgment was thereafter entered upon the verdict in defendant's favor. The plaintiffs thereupon appealed from the judgment, giving on such appeal a supersedeas bond. The assignments of error relied upon by plaintiffs are based on the order denying their motion for a new trial. These assignments may be grouped under four points: (1) That the verdict was not justified by the evidence. (2) Errors and rulings on the admission of testimony. (3) Claimed prejudicial remarks made by the court during the trial. (4) Claimed prejudicial misconduct by defendants' counsel during the trial.

1. The first point so raised involves the sufficiency of the evidence to sustain a finding that it was agreed between the plaintiffs and defendants, at the time the goods were purchased, that the purchase price was payable July 1, 1912.

It appeared from the testimony, without substantial conflict, that in June, 1909, the defendants, being then indebted to the plaintiffs for goods purchased, applied for an additional credit. After some negotiations a real estate mortgage in the amount of $1,600 was given to the plaintiffs by one of the defendants, "as security for the payment

by him of $1,600 on or before the first day of July in the year 1912, to secure the said mortgagees, L. Gutmann & Sons, for any and all indebtedness that may be due to said L. Gutmann & Sons from Klimek Brothers, Jewelers." The plaintiffs then sold and delivered further goods to the defendants. Upon the trial the defendants claimed, and one of them testified, in substance, that when the agreement for the making of the mortgage and the sale of the additional merchandise was entered into, at the place of business of the plaintiffs, it was agreed that credit for the goods then and thereafter purchased should be extended to July 1, 1912, the due date of the mortgage, with a discount for payments made at a specified time prior thereto. On behalf of the plaintiffs a witness testified that the agreement was that the goods should be settled for semiannually in cash, or part cash and part notes. Some correspondence between the parties was received in evidence. Upon an examination of all the evidence, we are satisfied that the time at which the purchase price of the goods became due was a question for the jury. The issue was fairly and clearly submitted by the trial judge. The verdict is sustained by the evidence.

2. Counsel for plaintiffs offered in evidence the testimony of one of the plaintiffs given at Duluth on a former trial of this action. As a foundation for such testimony it was properly made to appear that the plaintiff witness had for many years resided in the state of Ohio; that to attend the former trial and give his testimony he came from his home to Minnesota, and on such trial was examined and cross-examined; that at the time of the second trial he was not within this state. There was evidence that at the time of the second trial he was in ill health, and had started, or was about to start, abroad. This evidence, however, we deem unimportant; for it fell short of showing inability to attend the trial, and was not otherwise material.

Counsel for appellant urges that sufficient foundation was laid for the admission of this testimony; that the plaintiff witness was not a resident of or within the state at the time the offer was made of his testimony given on a former trial; that under such circumstances the former testimony of a witness not a party is competent, and that the fact that the witness is also a party affords no basis for a distinction

between the admissibility of his testimony and that of other witnesses; and, further, that the deposition of the plaintiff, if taken under the then existing conditions, would have been competent testimony, and that the testimony given on a former trial in open court is at least as satisfactory as a deposition.

We do not understand that the point thus urged is settled by the decisions of this state. Wilder v. City of St. Paul, 12 Minn. 116 (192); Stein v. Swensen, 46 Minn. 360, 49 N. W. 55, 24 Am. St. 234; Minneapolis Mill Co. v. Minneapolis & St. L. Ry. Co. 51 Minn. 304, 53 N. W. 639; King v. McCarthy, 54 Minn. 190, 55 N. W. 960; Hill v. Winston, 73 Minn. 80, 75 N. W. 1030.

We do not now pass on the point, for it is well settled that an appellant is only entitled to a review of a ruling excluding material evidence. The testimony given by the plaintiff on the former trial is not included in the record, nor is the nature or substance of such testimony in any way shown. This court cannot assume its materiality, and, in the absence of any showing thereof, determine that it was erroneously excluded, or that the plaintiff was prejudiced by such ruling. Le May v. Brett, 81 Minn. 506, 84 N. W. 339; Qualy v. Johnson, 80 Minn. 408, 83 N. W. 393; Johnson v. Howard, 51 Minn. 170, 53 N. W. 363; Acker Post v. Carver, 23 Minn. 567.

The letters offered by the plaintiff and excluded by the court were not relevant to the issue being tried. We have considered the other assignments relating to the admission or exclusion of testimony, and conclude that no error is shown in the rulings therein complained of.

3. Counsel for appellants has assigned as error a number of statements, claimed to be prejudicial to the plaintiffs, made by the trial judge in ruling on the admission of testimony. These statements, as shown by the record, do not go beyond a fair statement of the ground of the rulings, and they seem to have been made necessary by the repeated offers of the same evidence by counsel, apparently either under misapprehension of the ground upon which the evidence was excluded, or an unwillingness to accept the first ruling of the trial court thereon.

4. A more serious question is presented by the assignments relating to alleged misconduct of defendants' counsel. The settled case

116 M.—8.

contains the following, appearing immediately after the charge of the court:

"Mr. Courtney: Counsel for the plaintiffs duly excepts to the remark made by counsel for the defendants in his address to the jury in that he did use the following words, to wit: 'These Jews can take care of themselves.' And in addition another remark in the following words, to wit: 'These poor German boys.'

"Mr. Briggs: I have no apologies to make for either of those. I stand by those."

No request of the court appears to have been made in connection therewith. Upon the motion for a new trial conflicting affidavits were filed by the respective counsel as to the exact remarks made and the connection in which they were made. The settled case contains no further statement than that quoted above and assented to by the defendants' counsel, either of the remarks made or the connection in which they were made. The trial court denied the motion for a new trial, based in part on the claimed prejudicial character of these statements made by defendants' counsel.

Under these circumstances, unless the quoted statements, standing alone, establish misconduct of counsel clearly requiring the setting aside of the verdict, a case is not made for such action by this court. The only issue being tried was as to the agreed time of payment for merchandise. The statement made by defendants' counsel that the plaintiffs could take care of themselves, referring to the plaintiffs as of a certain race, is, on its face, a highly improper statement. No justifiable reason for using such statement in his argument to the jury is suggested by defendants' counsel, and none suggests itself. But, before a verdict should be disturbed because of misconduct of counsel, it must fairly appear that such misconduct was prejudicial to the party complaining—that the jury may have thereby been led to arrive at a different verdict from that which they would otherwise have returned. Whether or not this particular statement was prejudicial, and which side would be prejudiced thereby, would depend largely on the connection in which the statement was made and the circumstances of the trial. The trial judge was in a position to fairly determine the possible effect of the remarks complained of. He heard

the statements as made. An application for a new trial on the ground of improper conduct of counsel is addressed largely to the discretion of the trial court. Watson v. St. Paul City Ry. Co. 42 Minn. 46, 43 N. W. 904; Olson v. Gjertsen, 42 Minn. 407, 44 N. W. 306.

Upon the record this court cannot say that the trial court erred in the conclusion reached that the remarks were not prejudicial to the plaintiffs. The trial of the simple issue involved in this case seems to have been attended with an unusual amount of contention. An examination of the entire record, however, discloses no error prejudicial to the plaintiffs.

The order and judgment appealed from are affirmed.

On December 22, 1911, the following opinion was filed:

Per Curiam.

A petition for a rehearing, on briefs, was granted in this case. Upon a full consideration of the matters urged in the appellants' reply brief, in connection with the original briefs, we have reached the conclusion that the original decision should be adhered to. So ordered.