## NELLIE E. SCHALL v. NORTHLAND MOTOR CAR COMPANY and Another.[1]

October 24, 1913.

Nos. 18,247—(114).

**Question for jury.**

1. Action for conversion of an automobile. The testimony as to whether plaintiff parted with title prior to the alleged conversion is conflicting and made an issue for the jury.

**Evidence of value.**

2. Plaintiff purchased the machine of a dealer in competitive market. She used it four days, and then had an accident which damaged some of its parts. There was evidence that the parts damaged could be replaced and the machine made as good as before, and the cost of such replacement was established. Proof of the cost price of the machine was proper on the issue of value at the time of the conversion.

**Same — evidence of local experts admissible.**

3. Automobile experts living in Minneapolis, and familiar with values there, may give evidence as to values, although the value at Duluth is the point at issue.

**Parol evidence inadmissible.**

4. Oral testimony cannot be received of the contents of a paper which is in the possession of a trustee in bankruptcy in this state.

**Review of court's ruling.**

5. A ruling of the trial court excluding a document from evidence cannot be reviewed when the document is not in the record and there is no other testimony to show its materiality.

**Conversion — liability of agent.**

6. An agent acting for his principal is personally liable for conversion when he is a party to the wrongful purpose and participates in the wrongful act.

Action in the district court for Hennepin county against defendant company and Asa Paine to recover $1,900 for conversion of an

1 Reported in 143 N. W. 357.

automobile. The answer denied the allegations of the complaint. The case was tried before Leary, J., who denied defendants' separate motions for a directed verdict in their favor, and a jury which returned a verdict in favor of plaintiff for $1,317. From an order denying defendants' separate motions for a new trial, they appealed. Affirmed.

*Paul J. Thompson,* for appellants.
*Henry Deutsch* and *Walter S. Whiton,* for respondent.

HALLAM, J.

The Russell Motor Co. was engaged in the automobile business in Duluth. Plaintiff purchased of this company a Stoddard-Dayton automobile for $1,400. After four days' use she had an accident which damaged the front axle and the steering gear of the car. She kept the car at the company's garage and, after the accident, took it there for repair. The Russell Co. was indebted to the defendant Northland Motor Car Co. of Minneapolis. While this car was in the garage awaiting repairs, defendant Paine, president of the Northland Co. came to Duluth to secure an adjustment of this debt. He took this car and gave the Russell Co. credit for it on account. Plaintiff demanded a return of the car, and it was refused. This action is for conversion. The jury returned a verdict for plaintiff for $1,250 and interest. Several errors are assigned.

1. Defendant contends that after plaintiff purchased this car a second agreement was made, by the terms of which she transferred the title back to the Russell Co. at cost price, in consideration of the company's agreement to deliver her a larger car. This agreement is alleged to have been made before the accident. Plaintiff denies that any agreement of this purport was made. The question was submitted to the jury, and by their verdict they necessarily found this issue in favor of the plaintiff. The evidence amply sustains the finding.

2. It is contended that the court erred in admitting evidence of the price paid for this automobile. This evidence was proper. The value of the machine at the time of the conversion was an issue in

the case. The cost of it in the market had a bearing on this issue. The decisions on this subject are not all in harmony. There are some that hold such evidence inadmissible, but we entertain no doubt that under the circumstances of this case the evidence was proper. The automobile was purchased of a dealer in open competitive market. It had been used but four days. There was evidence that the parts damaged by the accident could be replaced and the machine made as good as before, and the cost of such replacement was established. Under such circumstances, if the value of the machine were in question anywhere but in a lawsuit, proof of the price at which it was purchased in the usual course of business, and in the absence of any peculiar and extraordinary circumstances, would be considered persuasive proof of its value, and it is competent evidence in court. The weight of authority is to this effect. Hoffman v. Conner, 76 N. Y. 121; Hawver v. Bell, 141 N. Y. 140, 36 N. E. 6; Greenebaum v. Taylor, 102 Cal. 624, 36 Pac. 957; Thompson v. Anderson, 94 Iowa, 554, 63 N. W. 355; Boggan v. Horne, 97 N. C. 268, 2 S. E. 224; Mayor v. Kimbrough, 12 Heisk. (Tenn.) 133; Truitt v. Baird, 12 Kan. 420 (per Brewer, J.)

3. It is contended that the court erred in permitting certain experts to testify as to the value of the automobile. These witnesses were in the automobile business in Minneapolis and were thoroughly familiar with values there and generally in this section of the country, but they had no specific knowledge of market conditions in Duluth. The matter of receiving expert testimony must rest largely in the sound discretion of the trial court, and considerable liberality should be exercised in the matter. In view of the easy means of communication and transportation between Minneapolis and Duluth it seems fair to believe that the opinion of these experts was of some value, and the reception of this testimony was within the discretion of the court. Latham v. Shipley, 86 Iowa, 543, 53 N. W. 342; Gilbert v. Kennedy, 22 Mich. 117, 137; Davis v. Cotey, 70 Vt. 120, 39 Atl. 628.

4. Oral testimony was offered of the contents of a writing because the original was in the possession of a trustee in bankruptcy appointed by the United States court in Duluth. No reason is shown

why the original could not be produced. A trustee in bankruptcy is not exempt from subpœna as defendant claims. He is subject to subpœna the same as other citizens. The President of the United States may be required by subpœna *duces tecum* to produce documents in his possession. United States v. Burr, Fed. Cas. No. 14,692 d. There is no reason why a trustee in bankruptcy should be immune. The oral testimony was properly rejected.

5. It is contended that the court erred in excluding oral evidence of the contents of a resolution of the board of directors of the Russell Co. regarding this car. It nowhere appears from the record what this resolution was. We cannot assume that it was material. In fact it is difficult to see how any action of the Russell Co. could be material to this action between Mrs. Schall and the Northland Co. On this ground we hold that the rejection of this evidence was not error. Johnson v. Howard, 51 Minn. 170, 53 N. W. 363; Gutmann v. Klimek, 116 Minn. 110, 133 N. W. 475; Collins v. Dowlan, 118 Minn. 214, 136 N. W. 854; Larson v. Anderson, 122 Minn. 39, 141 N. W. 847. The question whether oral proof of a corporate resolution is proper does not arise.

6. Defendant Paine contends that there is no liability on his part. We hold that the question of his liability was for the jury. There is ample proof that he took the property with the knowledge that he had no right to do so. If so, he was a party to the wrongful purpose and the wrongful act, and is liable for conversion. Leuthold v. Fairchild, 35 Minn. 99, 27 N. W. 503, 28 N. W. 218. This issue was submitted to the jury under proper instructions and their verdict should not be disturbed.

Order affirmed.