# HERMAN HAACK v. T. M. COUGHLAN.[1]

## July 14, 1916.

## Nos. 19,844—(196).

**Limitation of action upon official bond.**

1. The summons in this action was served upon appellant, a surety on an official bond, in time to prevent the bar of the statute of limitations, and upon this record he cannot successfully claim that the statute had run against his principal, the latter having appeared by attorney and having duly answered without claiming the bar of the statute.

**Charge to jury on question of damages.**

2. The court did not err when instructing the jury that the only issue for their determination was the amount of damages to be awarded plaintiff.

**Appeal and error — review of testimony given on former trial.**

3. The court refused to receive the testimony given in the trial of another action, between the same parties and for the same cause, by witnesses who have since disappeared or who have removed from the state. The ruling of the court cannot be reviewed for the record does not contain such offered testimony, nor does it show its materiality.

**Limitation of action — computation of time.**

4. In determining whether a cause of action is barred by the statute of limitations, the day upon which it accrued is excluded. The statute is tolled as to a particular cause of action when the complaint is drawn and the summons thereon is served, even though the complaint be demurrable; for, if it be, an amended complaint may be served, provided the cause of action therein is the same cause attempted to be stated in the original complaint.

**Dismissal of appeal not warranted.**

5. Appellant was not entitled to dismissal.

---

[1] Reported in 158 N. W. 908.

Note.—For authorities on the question of rule as to first and last days in computation of time for limitation of action, see notes in 49 L.R.A. 212, 38 L.R.A.(N.S.) 1160.

Action in the district court for Blue Earth county by the administrator of the estate of Hubert Haack, deceased, against Charles F. Pollei, T. M. Coughlan and Henry Fricke to recover $7,500 against defendant Pollei and $500 against the other defendants for the death of his intestate. The motion of defendant Coughlan, appearing specially, to dismiss the action as to him on the ground that the court did not have jurisdiction for the reason that defendant Pollei had not been served with a summons and could not be brought within the jurisdiction of the court, was denied, Pfau, J. The action was heard before Quinn, J., judge of the Seventeenth judicial district acting in place of the judge of the Sixth judicial district, who when plaintiff rested denied the motion of defendant Coughlan to dismiss the action, and a jury which returned a verdict for $450. From an order denying his motion for judgment notwithstanding the verdict or for a new trial, defendant Coughlan appealed. Affirmed.

*John E. Regan* and *Ivan Bowen,* for appellant.
*Arthur Schaub,* for respondent.

HOLT, J.

The action is against a police officer and his sureties for damages resulting to the next of kin of Hubert Haack on account of his death, alleged to have been caused by the wrongful and unlawful act of the police officer while purporting to act as such. The record discloses that the defendant Charles F. Pollei was a duly appointed police officer of the city of Mankato, and was so acting therein on the evening of July 3, 1912. The other defendants are the sureties on his official bond. On that evening Pollei came into a saloon in the city while Hubert Haack was standing at the bar drinking a glass of beer, and said to the latter "I want you." Haack told the officer to wait until he finished the beer. When that was done both went out together, and, after they had walked side by side on the sidewalk for a short distance, Haack started to run. The officer pulled out his revolver and fired, Haack fell dead, the bullet hitting him under the shoulder. The trial resulted in a verdict in favor of plaintiff, the administrator of Hubert Haack's estate. The defendant T. M. Coughlan, one of the sureties, moved for judgment notwithstanding the verdict or a new trial. The motion was denied *in toto,* and he appeals.

The first contention is that the court lacks jurisdiction. This is based

on these facts: An action was brought by plaintiff wherein the parties defendant were the same. At the trial, and before the conclusion thereof, this appellant was dismissed. The trial proceeded against the officer and the other surety, but resulted in a disagreement. Some understanding was had, between plaintiff's attorney and the attorneys for the officer and the other surety, that plaintiff might dismiss and begin a new action and, if he did, the attorneys would enter appearance for them and answer. This was done. Before July 3, 1914, the summons and complaint in the new action was delivered to the attorneys mentioned, and they entered an appearance for their clients, but did not answer until August. Appellant was served on July 3, 1914, in the new action. The point of appellant's contention is that no jurisdiction was obtained over his principal by the procedure, and, that being so, he as surety cannot be held. The claim does not appeal to us. The record is free from any suggestion of collusion between plaintiff and the other defendants. For aught disclosed, the appearance entered for Pollei and the other surety was in good faith and fully authorized by them, and we cannot perceive how appellant can question the jurisdiction acquired over them.

The court charged the jury that the only question for their determination was the amount of damages. Under the evidence there was no room for a finding that Pollei was not acting as a police officer at the time he fired the fatal shot, and there certainly was nothing upon which could be predicated a finding that the shooting was other than wrongful. None of the circumstances surrounding the killing of Hubert Haack, as found in this record, tend to show that it was excusable or justifiable, even when caused by a police officer acting as such.

Error is assigned upon the refusal of the court to permit the testimony given by the defendant Pollei and several other witnesses at the former trial to be read in evidence at this trial. As to the witnesses other than Pollei there is no showing of diligence to procure their attendance. As to Pollei, it appears that he was a resident of Iowa and refused to come here to testify. Pollei, being one of the parties to the action, it may be doubtful whether, upon this record, his former testimony could be used in the manner proposed. It is not necessary to decide the question, for under the established rule we are not permitted to review the action of the trial court, since there is nothing in the settled case to show what materiality

to the issues here presented there was in the testimony of Pollei, or any of the other witnesses, as given upon the former trial. Gutmann v. Kimek, 116 Minn. 110, 133 N. W. 475.

It is claimed that the action was barred. Haack was killed July 3, 1912. The summons in this action was served upon appellant July 3, 1914. The action was in time. "In determining whether a cause of action is barred by the statute of limitations, the day on which it accrued is excluded." Nebola v. Minnesota Iron Co. 102 Minn. 89, 112 N. W. 880, 12 Ann. Cas. 56. But, even so, the contention is that no cause of action was pending until the complaint was amended in November, 1915, since, prior thereto, it was demurrable because containing no allegation that plaintiff's intestate left surviving any next of kin. The service of the summons stopped the running of the statute as to the cause of action attempted to be stated in the complaint. Had the original complaint been demurred to for the defect stated, no doubt the court would have permitted an amended complaint to be served. The amended pleading would have taken the place of the original. The action commenced by the service of the summons was always pending from the time of the service until the amended pleading was served and the issues therein made were determined. So long as the cause of action attempted to be set forth in the pleading upon which the summons is issued is the same as the one stated in the amended pleading, it must be held to have been pending from the time of the service of the summons. As said in Knight v. Moline, E. M. & W. Ry. Co. 160 Iowa, 160, 140 N. W. 839, "the statute of limitations is tolled by the commencement of the action. It does not run thereafter so as to exclude the filing of appropriate amendments after the expiration of the period of limitation." Bruns v. Schreiber, 48 Minn. 366, 51 N. W. 120; Gilbert v. Gilbert, 120 Minn. 45, 138 N. W. 943.

The amended pleading alleged that Hubert Haack left him surviving his father and mother to whose support he contributed. We think the allegations sufficient against a motion to dismiss. The inference is that the parents were the only next of kin of decedent. He was living with

them. The court charged that the damages should be determined by the pecuniary loss to them.

We find no error in the record.

Affirmed.