BEMIS BROS. BAG COMPANY v. JAMES NESBITT.[1]

June 26, 1931.

No. 28,439.

[1]Reported in 237 N. W. 586.

*Kingman, Cross, Morley & Cant* and *A. L. Beardsley,* for appellant.

*Dennis & Bell,* for respondent.

DIBELL, J.

Action to recover for the breach of an executory contract for the purchase of potato bags by the defendant from the plaintiff. There was a verdict for the defendant. The plaintiff appeals from the judgment for the defendant entered on the verdict.

The plaintiff is a manufacturer and dealer in burlap potato bags. On or about March 5, 1929, it made an executory contract of sale with the defendant for 50,000 bags of a specified size at $118.25 per thousand f. o. b. cars Minneapolis, shipments to be made during September—December, 1929, with sight draft attached to bill of lading. The burlap came from Calcutta, India, the exclusive market, and the bags were manufactured in Minneapolis. The contract was one executed in lieu of one of the year before which the defendant had found inconvenient to perform because of crop conditions. There was a crop failure again in 1929, and the defendant sought another extension. He claims that it was agreed that the contract should be extended and delivery and payment be made the next year.

Upon receiving an order it was the custom of the plaintiff to buy upon the market the yardage necessary to fill it. No specific burlap was applied to the contract, nor were specific bags made for the defendant. With burlap considerably fluctuating in price it was necessary for the plaintiff to protect itself. It did so by purchasing the burlap at Calcutta at the time of an order, as it did in this case, and the selling price of the bags was based on the purchase price of the burlap plus a close manufacturing profit. It was a sort of hedging arrangement which was entirely legitimate. The price of burlap decreased, so that if the defendant failed to carry

out his contract the plaintiff lost substantially $1,600; and substantially the same result was reached by comparing the value of the manufactured bags with the agreed sale price.

The defendant claims that on account of the failure in the 1929 potato crop he was unable to use the bags and that he took up the matter with the plaintiff and the extension agreement was made orally. The evidence as to just what was done is in dispute, and it is not entirely satisfactory in support of the plaintiff's claim. The arrangement was made between the defendant and Conrad, the sales manager of the plaintiff for many years, whose authority was extensive. His version is that he was to submit the defendant's request to other officers of the corporation and that an acceptance by them was essential. Concededly there was none. There is much force in this claim; but, considering the long service of Conrad for the plaintiff and his extensive and recognized authority to represent the company, it was a question of fact properly submitted to the jury whether the defendant and the plaintiff agreed upon an extension for a year. This of course does not mean that the contract was abrogated.

■ The plaintiff claims that the contract was within the statute of frauds and that a modification of it could not be made by parol. Our cases accord with the prevailing rule in sustaining the proposition that the performance of a written contract within the statute of frauds may be extended by oral agreement without offending the statute and without additional consideration. Scheerschmidt v. Smith, 74 Minn. 224, 77 N. W. 34; McDonald v. Union Hay Co. 143 Minn. 40, 172 N. W. 891; Reinkey v. Findley Elec. Co. 147 Minn. 161, 180 N. W. 236; Lynch v. Higgins, 154 Minn. 151, 191 N. W. 422; Stamey v. Hemple (C. C. A.) 173 F. 61; Griffey v. Lubben, 196 Iowa, 465, 193 N. W. 410; Neola Elev. Co. v. Kruckman, 185 Iowa, 1254, 171 N. W. 743; Moskow v. Burke, 255 Mass. 563, 152 N. E. 321; Valley Planing Mill Co. v. Lena Lbr. Co. 168 Ark. 1133, 272 S. W. 860; Lewis Bros. v. Pendleton (Tex. Civ. App.) 227 S. W. 502. We follow them.

■ The court submitted the amount of damages to the jury. It also submitted the question whether the time of performance was extended. There was a general verdict for the defendant. The plaintiff claims that its verdict should have been for $1,600 if for anything, as noted in the preceding paragraph; and it now urges that since there was a general verdict for the defendant it should have a new trial because it cannot be determined whether the jury went upon the theory that there were no damages sustained or that there was an extension of the time of performance. When there is a general verdict which might be returned upon either of two theories, and the one upon which it was returned is not shown, it cannot be sustained if there was error in submitting either. It seems unlikely that the jury could find that there were no damages. It is about as certain as anything can be that it based its verdict upon the finding of an extension. Besides, the court charged the jury that its verdict should be for the plaintiff unless it found as a fact that performance was extended as contended by the defendant; and if it found that it was so extended its verdict should be for the defendant. Upon this state of the record the plaintiff's claim is not sustained.

Judgment affirmed.

[1]Reported in 237 N. W. 588.