PATRICK J. HAWKINS AND OTHERS v. FRED E. HAYWARD.[1]

May 11, 1934.

No. 29,828.

[1]Reported in 254 N. W. 809.

*Plato E. Sargent,* for appellant.

*A. H. Clemens* and *D. C. Sheldon,* for respondents.

I. M. OLSEN, *Justice.*

Plaintiffs brought suit to set aside the foreclosure of a real estate mortgage, and the court set the foreclosure aside. Defendant appeals from the order denying his motion for a new trial. Included in the motion was a motion for amended findings of fact and conclusions of law, also denied. The order denying the motion for amended findings and conclusions of law is not appealable, but errors in the findings and conclusions of law and the sufficiency of the evidence to sustain any or all of them may be reviewed on appeal from the order denying a motion for a new trial, when properly presented.

There have been two trials in the district court, before different judges, and decision in plaintiffs' favor. after each trial. After the first trial a motion for a new trial was granted.

The foreclosure sale was had on March 9, 1932. The mortgage was given December 2, 1927. It was a collateral mortgage for $3,000 given as additional security for a land contract under which plaintiffs purchased a farm from defendant. The $3,000 mortgage was a second mortgage on another farm owned by plaintiffs. At the time of the foreclosure sale there was default in the payment of interest on the mortgage to the amount of $650.83. The foreclosure was by advertisement. Plaintiffs' cause of action is based on the ground that on or about January 9, 1932, and before foreclosure proceedings were commenced, plaintiffs and defendant entered into an oral agreement whereby all payments under the mortgage were extended to the fall of the year 1932, so that at the time of the foreclosure sale there was no default.

On January 9, 1932, there was default in the payment of $147.50 taxes, not on the mortgaged premises but upon the farm purchased

on contract from defendant. The taxes for 1931 were also due but not yet in default. There was also a default of some over $1,400 in interest on the land contract. This, of course, included the interest due under the terms of the $3,000 mortgage, so the total interest due on both mortgage and contract was some over $1,400. Defendant wanted plaintiffs to make some payments, especially to take care of the taxes on the land he had sold to them. Plaintiffs had no money. It was finally agreed that they would give the defendant a chattel mortgage on 1932 crops to secure the 1930 and 1931 taxes on the land purchased by them from defendant.

■ The plaintiffs claim, and the court found, that in consideration of the giving of said chattel mortgage the defendant agreed to postpone the foreclosure of his real estate mortgage until November 1, 1932. The chattel mortgage was given and the proceeds of the mortgaged crops were paid over to defendant, when realized.

Defendant contends that the evidence is insufficient to sustain any findings that such agreement was made. We are reviewing the findings of fact of the trial court. The evidence is to be viewed in the light most favorable to the plaintiffs, the parties in whose favor the findings were made. If there is evidence reasonably sufficient to sustain the findings, they must stand. Under these rules, the evidence here sustains the findings complained of. The two plaintiffs Patrick J. and Thomas F. Hawkins and the witness Billings, the banker who drew the chattel mortgage, testified in substance that in the negotiations for such mortgage the plaintiffs wanted an agreement by defendant that if the chattel mortgage was given he would not take any action against them on his securities before November 1, 1932; that defendant said that was all right and that his word was good. Billings then started to draw the chattel mortgage and an instrument to show the agreement of defendant not to take any further steps to enforce his securities until November 1. Defendant left before the chattel mortgage and the other instrument were completed. Plaintiffs signed the chattel mortgage and other instrument and left them with Billings in the bank where the transaction took place. Defendant later came in to see Billings. He refused to sign the written instrument staying further steps by him

until November 1, saying his word was good, but directed Billings to file the chattel mortgage for record and paid to him the filing fee. Billings filed the mortgage for defendant.

■ The next point, ably argued by defendant's counsel, is that the agreement to defer foreclosure or extend the time of payment of the real estate mortgage was void as an attempt to vary by parol the terms of a written instrument, especially where such written instrument was within the statute of frauds. The question was directly decided adversely to the contention of defendant in Bemis Bros. Bag Co. v. Nesbitt, 183 Minn. 577, 237 N. W. 586, and the cases there cited, to which may be added the later case of Oakland M. C. Co. v. Kremer Motor Co. 186 Minn. 455, 243 N. W. 673.

■ There is error assigned upon the admission of certain testimony of the witness Billings as to what he understood was the meaning of some of the conversation and words used in the negotiations at the time the chattel mortgage was made. There may have been technical error. But this was a trial before the court without a jury. The court had heard what the words used in the claimed conversation were, and we believe that the court, in that situation, was well able to understand and construe them without aid from the witness, and did so. Again, after both parties rested, counsel for each party stated that the court might ask any further questions of any of the witnesses. The court then recalled the witness Billings and, without any objection, again questioned him about what had been said and some of his conclusions. Counsel for plaintiffs, during that examination, also asked, without objection, two questions as to what the witness understood. We find no reversible error. If error, we think no prejudice is shown.

The order appealed from is affirmed.