## McCartny, plaintiff in error v. The Territory of Nebraska.

1. EVIDENCE: *Rebutting incompetent evidence.* Competent evidence may be received on behalf of one party, to rebut incompetent evidence introduced by the other party without objection.

2. ——. But incompetent testimony cannot be admitted to rebut incompetent testimony.

The plaintiff in error was indicted for stealing, in the District Court for Nemaha county, while Nebraska was a Territory. On her admission into the Union, under the provisions of the constitution, the prosecution was transferred to the State Court. Upon the trial, certain testimony was, on the part of the Territory offered, and under the defendant's objection received; and this is the subject of his complaint here. The facts are fully stated in the opinion.

· ·CROUNSE, J.

The affidavit of the defendant in the court below, upon which was based his application for a continuance is certainly a strong one, but as the judgment must be reversed upon other grounds, this court will not undertake to fix the limit to the discretion of inferior courts in refusing continuances. The second and third assignments of error relate to the admission of testimony of witness Brown, concerning declarations of one Meadows. The property stolen was taken from a blacksmith shop in Nebraska City, in Otoe county of this State, and subsequently found on the premises occupied wholly or in part by the defendant. A. S. McCartney, a brother and witness for the defendant, testified that on the morning subsequent to the evening when the property was missed, Meadows, who was at

defendant's, brought the tools which were the property stolen, from the stable to the house. Witness asked him where he got them, to which Meadows replied, "that they were his own, and that he brought them from town" (Nebraska City).

At the close of the testimony for defendant, the prosecution called as a witness, one Brown, to testify what Meadows said to him when he (Meadows) brought the tools to defendant's house, in the presence of the tools, and relative to the ownership of the same. Under defendant's objection, witness stated, "that in the morning Meadows brought the tools to defendant's house, he (Meadows) told witness that defendant broke into a blacksmith shop in Nebraska City and took the tools." This does not appear to have been said in the presence of the defendant or his brother, A. S. McCartney. The record contains a note that the court at the time of the admission of this evidence, remarked that it was permitted for the purpose of offsetting the evidence of A. S. McCartney, relative to the statement of Meadows, as to the ownership of the tools.

The evidence of A. S. McCartney as to declarations of Meadows, is of very questionable competency; but having been admitted without objection, its effect could not be destroyed or assailed by other competent testimony, introduced under the established rules of evidence, if demanded by the opposing party. The admission of improper evidence on the one side furnishes no warrant to the other to meet it by that which is equally bad.

For the purpose of contradicting the statements of A. S. McCartney, the witness Brown might have been allowed to testify whether Meadows at the time, place, and in the conversation spoken of by McCartney, did say, as McCartney related. His testimony, however, was not so limited or directed, but the witness was allowed to testify gene-

McCARTNY, PLAINTIFF IN ERROR, *v.* THE TERRITORY OF NEBRASKA.

rally as to what Meadows said to him, resulting in Brown testifying that Meadows told him that defendant did steal the tools.

This is clearly obnoxious to the rule, that hearsay evidence is inadmissible. Jurors, incapable of discriminating between proper and improper testimony, may have received this testimony of Brown as going far to establish the guilt of the defendant, and the attempt of the learned judge below, to direct or restrict such testimony to a specific point, was, most likely futile. Pernicious evidence when once passed to the jury, is beyond the control of the court.

The judgment of the court below must be reversed, and a new trial granted.