GALE SULKY HARROW CO. v. E. G. LAUGHLIN.

[FILED JANUARY 2, 1891.]

Res Gestæ: THE DECLARATIONS OF AN AGENT made after the transaction to which they relate is fully completed and ended are not competent to be given in evidence as a part of the *res gestæ.*

ERROR to the district court for Cass county. Tried below before APPELGET, J.

*C. A. Woosley,* and *Byron Clark,* for plaintiff in error.

*Clark & Barr,* and *Allen Beeson, contra.*

COBB, CH. J.

The plaintiff in error is a corporation organized under the laws of the state of Michigan, and on June 22, 1887,

brought its action against the defendant, in the district court of Cass county, alleging that, for a valuable consideration he executed and delivered to the plaintiff his promissory note as follows:

"$65.    CASS CO., STATE OF NEBRASKA, July 7, 1885.

"On or before the first day of January, 1887, I promise to pay Gale Sulky Harrow Manufacturing Company or order, sixty-five dollars at National Bank of Ashland, Nebraska. Value received. If paid at maturity, interest 7 per cent at from April 1, 1886; but if not paid when due, interest at 7 per cent per annum from date until paid.

"No promise or contract outside of this note will be recognized.                              E. G. LAUGHLIN."

Indorsed: "July 8, 1885, dinner and feed, 75 cents."

And no other payments or credits made thereon, and that there is due the principal sum with interest from July 7, 1885, the payment of which by defendant has been demanded and refused.

The answer of the defendant admitted the execution of the note, and set up that it was given to the plaintiff's agent, one Pratt, for a combined farm machine, called the Gale sulky harrow, which the agent warranted to be a first-class implement, complete in all its details, and that it would accomplish satisfactory work under all circumstances, and was especially adapted to the cultivation of corn on foul land, cornstalks and weeds being no obstruction to the successful work of the implement, and agreed then and there with defendant that any deviation therefrom would invalidate the sale, or if it failed to give perfect satisfaction, the agent would deliver up the note and take away the implement; and thereby the plaintiff obtained and holds the note through false and fraudulent representations, the defendant alleging that the sulky harrow, or agricultural implement, for which the note was given, would not, and never did, perform the work said agent

represented it would, though defendant used his best efforts to make it work satisfactorily and answer the purposes warranted; and that it was wholly worthless and unfit as an agricultural implement for such purposes.

That as soon as defendant had thoroughly tried the sulky harrow, and found it to be worthless, he at once informed the agent Pratt and demanded the return of the note, and requested him to take the implement away, which he refused to do.    Judgment was asked for the return of the note, and for costs.

The plaintiff's reply denied the allegations of warranty set up in the answer, and alleged that the Gale sulky harrow was sold on its merits, or on trial in the field, and due notice given to defendant in the words of the note that " no promise or contract outside of this note will be recognized," and further that the agent had no authority to make any warranty or representation in regard to the work the implement would perform.

On April 24, 1888, there was a trial to a jury, which found for the defendant.    The plaintiff's motion for a new trial was overruled and judgment entered thereon, to which the plaintiff duly excepted, and assigns the following errors:

I. The verdict is against the evidence and is contrary to law.

II. It is contrary to the instructions to the jury given at the plaintiff's request.

III. The court erred in refusing to give the 3, 4, 6, 7, and 8 instructions requested by plaintiff.

IV. In giving the 1, 2, 3, 4, and 5 instructions of its own motion.

V. In giving the 1, 2, 3, 4, and 5 instructions requested by defendant.

VI. In admitting the evidence of defendant against the objections of plaintiff because the petition did not state facts sufficient to constitute a cause of action.

VII. In excluding evidence offered by plaintiff, and exceptions taken.

VIII. In admitting evidence for the defense against objections of the plaintiff, and exceptions taken, and for errors of law on the trial.

IX. The answer does not state facts to support a verdict.

Whatever errors may be considered to have occurred at the trial to which the first seven assignments of the plaintiff are pertinent, it does not seem necessary to inquire in view of the eighth error that hearsay testimony of third parties, going to the *res gestœ* of the issue, was improperly admitted at the trial.

From the record it appears that a witness sworn and examined on behalf of the defendant was asked:

Q. State to the jury if you ever had any conversation with Mr. Pratt, the agent, in regard to giving back the note in controversy to the defendant, and taking back the machine?

A. Yes, sir, I had. It was on Saturday, July 9, 1885. I was called down to Ashland, and Mr. Pratt met me there in front of the hotel and said: "Do you know this man Laughlin, and what kind of a man is he?" I said, "I guess he was all right." "Well," he said, "he like to give us fellows a whipping down here to-day; he wanted us to give back his note, but now I don't know whether we will give it back at all or not; he acted a fool so, I don't know whether we will give it back at all or not."

The witness further testified that "this conversation was held right where the implements were in front of the Platte Valley hotel in Ashland," and in reply to the inquiry how many times he had met Mr. Pratt said "he had gone around with him all over the country." To this evidence objection was made as to its admissibility, and the motion to strike it out was overruled by the court, and exceptions were taken. So far as this hearsay evidence of a third party went to support the defense, its admission was error.

It is a recognized rule that the admissions of an agent made at the time of the particular transaction which is the subject of inquiry, and while acting within the scope of his authority, may be given in evidence against his princ.- pal, as a part of the *res gestœ*.   But it is equally well set- tled that the agent's declarations made after the transaction is fully completed and ended, as in this instance, are not admissible.   The conversation of the witness with the agent was held two days after the date of the note and the conclusion of the transaction, and was, therefore, clearly in violation of the rules of evidence. (*McCartny v. The Te.- ritory of Nebraska*, 1 Neb., 123 ; *Nebraska City v. Lamp- kin*, 6 Id., 32 ; *Clopper v. Poland*, 12 Id., 71 ; *Village of Ponca v. Crawford*, 18 Id., 557 ; *Williams v. Eikenberry*, 25 Id., 726.)   For this reason the judgment will be re- versed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.