MARTHA J. SHOEMAKER V. COMMERCIAL UNION ASSURANCE COMPANY, LIMITED, OF LONDON.

FILED NOVEMBER 16, 1904.   No. 13,638.

Pleading: DEPARTURE. An amended petition which is no more than a restatement of the *gravamen* of the charge in the former pleading is not a departure, although the petition sounded in tort and the amendment avers a contract liability only.

ERROR to the district court for Lancaster county: LINCOLN FROST, JUDGE. *Reversed.*

*George A. Adams* and *Lamb & Wurzburg,* for plaintiff in error.

*Ricketts & Ricketts, contra.*

AMES, C.

A former decision in this controversy may be found in 63 Neb. 173. After the judgment of reversal there pronounced, and after the return of the cause to the district court by mandate, the plaintiff abandoned her suit against all the defendants except the insurance company, against which she filed an amended petition in which she alleged that said defendant on the 5th day of January, 1895,

agreed to insure the property described in the former pleading against loss or damage by fire to the amount of $1,200, but wrongfully refused, and still refuses, to deliver such policy to the plaintiff, as it had agreed to do. It was further alleged that the building had been destroyed by fire during the agreed term of insurance, and that proofs of loss had been made and furnished to the company, and payment demanded from it, which had been refused.

A general demurrer to this amended petition was sustained upon the ground that it states a new cause of action, and one distinct from that set forth in the original petition or the amended petition, upon which the action was formerly tried, and that suit thereon is barred by the statute of limitations.

We think the district court erred. It is true that the earlier pleading, which is set forth at length in the former opinion, was one in some degree sounding in tort, but, as is there stated, the subject matter of the alleged tort was the alleged contract obligation of the insurance company to the plaintiff. In the absence of such obligation there would have existed nothing about which the company could have been accused of conspiring with the other defendants, but, if there was such insurance, the alleged conspiracy would have been ineffectual to avoid it, and no damages would have resulted therefrom, and so it was held that the petition did not state facts constituting a *joint* liability of the defendants. But it was not held, nor could it have been rightfully so, that the facts pleaded were not sufficient to charge the company with a separate contractual liability. The amendment, of which complaint is made, did no more than to eliminate the futile averments of conspiracy. The *gravamen* of the charge, namely, the alleged contract between the insurance company and the plaintiff, and a breach of it, is the residuum of the former pleading after the completion of the process of precipitation, and is in no sense a departure, or the introduction of a new subject of litigation. It is therefore

recommended that the judgment of the district court be reversed and the cause remanded for further proceedings.

LETTON and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be reversed and the cause remanded for further proceedings.

REVERSED.