MARTHA J. SHOEMAKER, APPELLEE, v. COMMERCIAL UNION ASSURANCE COMPANY, LIMITED, OF LONDON, APPELLANT.

FILED JANUARY 18, 1906.   No. 14,380.

1. **Instruction: VERDICT: EVIDENCE.** Where the jury is instructed that the plaintiff is required to establish a certain fact in order to entitle her to a verdict, and there is no evidence tending to establish that fact, a verdict in her favor will be set aside.

2. **Pleading: INSTRUCTION: EVIDENCE.** Where the plaintiff pleads payment of an insurance premium, and the court instructs the jury that such payment must be established by the evidence to entitle the plaintiff to a verdict, the requirement is not satisfied by evidence tending to establish a waiver or postponement of the time of payment.

3. **Principal and Agent: ADMISSIONS OF AGENT.** It is not every admission or declaration of an agent that is binding on his principal. The general rule is that the principal is not bound by such admissions or declarations, unless they are made during the transaction of business by the agent for the principal, and within the scope of the agency.

4. **Evidence** examined, and *held* insufficient to sustain the verdict.

APPEAL from the district court for Lancaster county: LINCOLN FROST, JUDGE.  *Reversed.*

*Sylvester G. Williams* and *Field, Ricketts & Ricketts,* for appellant.

*Lamb & Wurzburg* and *George A. Adams, contra.*

ALBERT, C.

This case is here for the third time. The first opinion disposing of the case may be found in 63 Neb. 173; the second in 72 Neb. 650. The theory upon which the case was presented the first time was abandoned, so that the first opinion throws no light on the present controversy. The second opinion settled the question of the sufficiency of the facts stated in the amended petition to constitute a cause of action. The substance of the allegations of the amended petition is, that on the 5th day of January, 1895, the defendant agreed to insure, and did insure, a certain dwelling house belonging to the plaintiff against loss or damage by fire to the amount of $1,200, and to issue a policy of insurance covering such property, but that the defendant wrongfully refused, and still refuses, to deliver such policy to the plaintiff, and that in April, 1895, and within the term for which the defendant agreed to insure said property, the said dwelling was destroyed by fire, and the defendant refused, and still refuses, to pay said loss, although the plaintiff has given notice and made due proof thereof. The answer, for present purposes, may be said to amount to a general denial. A jury found the issues in favor of the plaintiff and the defendant appeals.

It will be observed that this is not an action on a policy of insurance. It is not claimed—certainly the evidence does not show—that the defendant ever issued a policy of insurance covering the property in question. The case was brought and tried on the theory that, the defendant having offered to insure the property for a certain premium, and the plaintiff having accepted such offer and

paid the premium, the defendant is bound by a contract of insurance. The court instructed the jury on that theory, and, among other things, that the burden was upon the plaintiff to establish certain facts, and, among those facts, the following: "That the plaintiff agreed to pay, and did pay, the premium to the defendant, the 'Commercial Union Assurance Company.'" It is now claimed that there is no competent evidence tending to establish the fact of payment of the premium by the plaintiff to the defendant. This claim seems to be well founded. It is true there is evidence, admitted over the defendant's objection, that the plaintiff paid the amount of the premium to a third party, who undertook to remit it to the defendant, but he never remitted it. He was not the agent of the defendant, nor was the defendant a party to the arrangement between him and the plaintiff in regard to remitting the money. Under the circumstances, this evidence should have been excluded, because it was calculated to mislead the jury. But, even if permitted to stand, it merely shows payment to a third party, and does not tend to prove payment of the premium to the defendant.

There is another item of evidence that should be noticed in this connection. Plaintiff's claim that the defendant offered to insure the property for a specific premium is based on a letter which she received from Crutcher & Welsh, who at the time were agents of the defendant. The letter is as follows:

"Kansas City, Mo., Jan. 5, 1895.
"Martha J. Shoemaker, 2209 S. 13th St., Lincoln.
              "To Crutcher & Welsh, Dr.
"Insurance.          402, 403, 404 N. Y. Life Bldg.
"To insurance premium advanced on policy No. ——— 11-30-94, of Commercial Union Assurance Company, Limited, held as collateral to loan No. 038,701. Sum insured is $1,200. Rate 41.20. Term 3 yrs. If this amount is promptly remitted the policy will be filed with the receivers of the Lombard Investment Company for the benefit of the present owners of the mortgage. If not

paid the receivers will call on the mortgage holder for payment and the amount will be held by him as a lien against the property."

The mortgage referred to in the foregoing was one which the plaintiff had given on the property in question to the Lombard Investment Company, and by it transferred to a third party. The mortgage contained an insurance clause, and made the Lombard company plaintiff's attorney in fact, for the purpose of effecting or renewing insurance on the property for the benefit of itself or its assigns. It seems to us the letter is ineffective either to prove the fact of payment of the premium or of an offer on the part of the defendant to insure the property. If the letter be treated as that of the company, at most it shows a waiver of payment of the premium as a condition precedent to the contract of insurance becoming effective. But the plaintiff does not plead a waiver, but payment of the premium, and the court instructed the jury, in effect, that payment of the premium was one of the facts the plaintiff was required to establish to entitle her to a verdict. That the letter in question does not tend to establish that fact seems clear.

Besides, we do not think this letter should be treated as coming from the defendant or in any way binding upon it. It is true that Crutcher & Welsh, who sent the letter to the plaintiff, were agents of the defendant. But it is not every statement of an agent that is binding on his principal. The general rule is that the principal is not bound by the admissions or declarations of his agent, unless such admissions or declarations are made during the transaction of business by the agent for the principal, and within the scope of the agency. 1 Jones, Evidence, sec. 256. A valuable note on this point may be found following *People v. Vernon*, 95 Am. Dec. 1, 72 (35 Cal. 49). The letter purports to be a statement of an account between the plaintiff and the agents, personally, for a premium advanced by them for the plaintiff. In other words, it amounts to a statement that the agents had paid

their principal an insurance premium for the plaintiff and a demand on her for reimbursement. The statement, therefore, is not a declaration or admission made by the agents during the transaction of business by them for their principal, and within the scope of the agency, but made while they were acting solely on their own account, and dealing with a matter that concerned them and the plaintiff alone. That being true, the statement falls within the rule above stated and is not binding on the defendant. Without expressing any opinion as to the sufficiency of the evidence to sustain a finding on other questions submitted to the jury, it is clear to us that there is a total lack of evidence to sustain a finding of payment of the premium by the plaintiff, and, as that is one of the facts essential to plaintiff's recovery, under the theory upon which the cause was submitted, the failure of the evidence upon that point is fatal, and we recommend that the judgment of the district court be reversed and the cause remanded for further proceedings.

DUFFIE and JACKSON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded for further proceedings according to law.

REVERSED.