ALVA G. WAITS, APPELLEE, V. COLUMBIA FIRE UNDERWRIT-
ERS AGENCY ET AL., APPELLANTS.

FILED MAY 31, 1935. No. 29300.

*Wells, Martin, Lane & Offutt,* for appellants.

*Hoagland, Carr & Hoagland, contra.*

Heard before GOOD, EBERLY, DAY, PAINE and CARTER,
JJ., and BLACKLEDGE, District Judge.

GOOD, J.

Plaintiff sued Columbia Fire Underwriters Agency of
the National Fire Insurance Company (hereinafter called
Columbia company) and National Fire Insurance Company
(hereinafter designated National company) on an alleged
lost policy of tornado insurance. The National company
denied the existence of any such policy of insurance. The
Columbia company also denied the existence of the policy
and alleged that it was not engaged in writing insurance
for itself but only as agent for the National company. A
trial of the issues resulted in judgment for plaintiff against
both defendants. Defendants have appealed.

There is no evidence in the record that the Columbia
company is an insurance company engaged in writing in-
surance on its own behalf. There is no evidence that any
policy of insurance was ever issued to plaintiff by such

company or on its own behalf. If any such policy was issued by the Columbia company, it was on behalf of and as agent for the National company. It is clear that there can be no liability so far as the Columbia company is concerned.

It is plaintiff's contention that on or about the 13th of June, 1928, a policy of tornado insurance was issued to him by the National company through its soliciting agent in the village of Tryon; that the policy was for $2,000, for a term of five years, and covered plaintiff's barn; that on the 22d of May, 1933, while said policy was in force, plaintiff's home and barn were wholly destroyed by a tornado, and the policy and other papers of plaintiff were lost in that tornadic storm. Plaintiff and his son testified as to receipt of the policy from the soliciting agent either in June or early in July of 1928. Plaintiff testified that he paid the premium on the policy, amounting to $58. Plaintiff's wife also testified as to seeing and examining the policy; that it was placed and kept in a bureau drawer in their residence; that after the tornado no trace of the bureau or any part of it could be found.

A short time after the tornado, plaintiff wrote a letter to the Columbia company, giving information of the tornado, the loss of his barn and of the policy, and containing statements that the agent at Tryon had said their insurance was all right and in force. This letter, over objection of the defendants, was admitted in evidence, it was claimed, for the purpose of showing notification to the company of the loss. There was no issue on notification to the company; there was no issue on proof of loss. The only issue tendered was that no such policy was ever in existence or had ever been written. The letter amounted to a self-serving declaration, was clearly incompetent, and should have been excluded.

During the course of the trial, plaintiff called a number of witnesses who testified, over objection of defendants, to conversations with one Warren, who was the soliciting agent for the National company. These conversations re-

lated to a time after the tornado and to a period five years after the time plaintiff claimed delivery of the policy by Warren. These conversations related to statements by Warren to the effect that plaintiff was protected by insurance; that the insurance was in force, and that he could recover for his loss. Plaintiff attempts to justify the admission of this evidence on the ground that Warren was the agent of the company and the only person in the vicinity acting for the company; that his acts and declarations were the acts and declarations of the defendants and were, therefore, admissible. He cites and relies upon a number of authorities, which we have carefully examined, and find none of them in point. In some instances the authorities recognize that the declarations of a general agent in the transaction of the principal's business are admissible in evidence against the principal, and that even the declarations of a soliciting agent of an insurance company may be received in evidence against the principal, when he is directly and specially authorized to make such representations.

These cases are not applicable to the situation disclosed by the record. In this case, whatever transaction Mr. Warren had on behalf of the insurance company with the plaintiff was completed and closed either in June or July, 1928. The statements by agent Warren were made subsequent to May 22, 1933. There is nothing in the record to show that Warren was authorized by the defendants, or either of them, to make any statements on behalf of the defendants respecting the issuance of a policy.

In 22 C. J. 367 *et seq.*, cited and relied upon by plaintiff, it is said: "An admission of an agent may be received in evidence against his principal, where the agent, in making the admission, was acting within the scope of his authority, and the transaction or negotiation to which the admission relates was pending at the time when it was made. Conversely, a declaration of an agent, not within the scope of his authority nor in the course of the negotiation to which it refers, is not admissible against the

principal, unless it was made under such circumstances that the silence or acquiescence of the principal makes the admission his own, or was ratified by the principal. * * * The admission which it is sought to use must have been made in connection with the discharge of the agent's duty, must have been based on his own knowledge, and must be a statement of fact, rather than an expression of opinion."

In *Union Life Ins. Co. v. Haman*, 54 Neb. 599, this court held:

"The statements of an agent while acting in a matter in which he has authority, and of matters within the scope of his authority, and of and concerning the business in hand, made at the immediate time of its transaction, or a part thereof, are admissible in evidence against his principal.

"Such statements made subsequent to the close of the transaction, not connected therewith and not specially authorized by the principal, cannot be received in evidence against the latter."

In *Shoemaker v. Commercial Union Assurance Co.*, 75 Neb. 587, it was held: "It is not every admission or declaration of an agent that is binding on his principal. The general rule is that the principal is not bound by such admissions or declarations, unless they are made during the transaction of business by the agent for the principal, and within the scope of the agency."

In *Gale Sulky Harrow Co. v. Laughlin*, 31 Neb. 103, it was held: "The declarations of an agent made after the transaction to which they relate is fully completed and ended are not competent to be given in evidence as a part of the *res gestæ*." Chief Justice Cobb, in the opinion, said (p. 107) : "It is a recognized rule that the admissions of an agent made at the time of the particular transaction which is the subject of inquiry, and while acting within the scope of his authority, may be given in evidence against his principal, as a part of the *res gestæ*. But it is equally well settled that the agent's declarations made after the transaction is fully completed and ended, as in this in-

stance, are not admissible." In that case the admissions were made two days after the date of the transaction.

Other authorities holding to a like tenor are *Cleveland Stove Co. v. Hovey & Peck*, 26 Neb. 624; *Columbia Nat. Bank v. Rice & Co.*, 48 Neb. 428; *Clancy v. Barker*, 71 Neb. 83; *Sheridan Coal Co. v. Hull Co.*, 87 Neb. 117; *Southern Surety Co. v. Nalle & Co.*, 242 S. W. (Tex. Civ. App.) 197; *Vicksburg & Meridian Railroad v. O'Brien*, 119 U. S. 99; *Wash v. Cary*, 17 Ky. Law Rep. 1066; *Emerson v. Burnett*, 11 Colo. App. 86; *Serbinoff v. Wolverine Mutual Motor Ins. Co.*, 242 Mich. 394; *North American Accident Ins. Co. v. Frazer*, 112 S. W. (Tex. Civ. App.) 812; 2 Jones, Evidence (2d ed.) p. 1801.

Clearly, the admissions of statements and declarations, made by the soliciting agent, Warren, five years subsequent to the transaction, were not only incompetent, but were prejudicial to the rights of defendants.

The National company, with general western headquarters located in Chicago, offered testimony that blank policies were forwarded to the Columbia company as agent; that such policies were consecutively numbered and a record kept thereof, and that every policy issued and delivered to the Columbia company agency had been checked and accounted for, and that no such policy as contended for by plaintiff had ever, in fact, been issued. Also, the soliciting agent, Warren, was called as a witness, and he testified that he had no records, other than an expiration register, and that an examination of this register did not show any such policy to have been issued to plaintiff: He further testified that he had no recollection of delivering any such policy; that he had searched his bank account, the bank records were searched, and no record of any check, claimed to have been written by plaintiff, could be found; nor was any deposit made to the credit of Warren, nor any record of any remittance made by him to either of the defendants, to cover the premium claimed to have been paid by plaintiff. In view of this evidence, defendants insist, the evidence is insufficient to sustain any recovery.

With this view we are not in accord. Whether such a policy as claimed by plaintiff was issued was a question of fact. The evidence of plaintiff, his wife and son that such policy had been issued and delivered; that they had seen and examined it, was sufficient to require the submission of that question to the jury.

Because of the errors pionted out in the admission of evidence, the judgment of the trial court as against the National company is reversed and the cause remanded for further proceedings. The judgment as against the Columbia company is reversed and, as to it, the action is dismissed.

JUDGMENT ACCORDINGLY.